CaeutheRS, J.,
delivered the opinion of the court.
This is an action on the case upon a written guaranty.
In 1847 James M. Moore entered into a written contract with the plaintiff, to act as general agent in selling “Bright’s Family Practice” and “Parley’s An *165 nuals,” in the State of ETorth Carolina or any other part of the country. He "bound Mmself to pay to the plaintiff three dollars for each volume of the first named work, and seventy-five cents for the second, that might he furnished him, and not to sell the said works higher than five dollars for the .former, and one dollar and twenty-five cents for the latter, per volume. The difference between the two sums was to he his profit and-compensation. The plaintiff was not willing to trust Moore, hut required of him responsible sureties, and wrote upon the back of the contract between them the following guaranty, which was to be signed by solvent men and returned to him by Moore: “"We guaranty to John "W". Bright that the above named James H. Moore will well and truly perform all his above and foregoing undertakings, pursuant to the tenor and effect of said contract.” This was signed by the defendants and enclosed by Moore in a letter to the plaintiff at Louisville, Ky., in which he says, “enclosed you will find our contract, signed as requested.”
Whereupon the plaintiff commenced delivering- books to Moore at Lawrenceburg, Tenn., where the defendants resided, of which they had knowledge. Upon- the failure of Moore to pay for the boobs, being irresponsible himself on account of insolvency, this- action was brought upon the guaranty.
The question of law, made in- the argument, is whether the undertaking of the defendants was of such a character as to bind them, without notice of acceptance by the plaintiff?
Upon this point the circuit judge charged the jury, “ that the paper read in evidence as the foundation of *166 the action, did not, on its face, purport to be an original or absolute undertaking, but that it was a co-lateral or conditional undertaking on the part of the defendants, that they have bound themselves as guarantors that Moore would perform his contract with the plaintiff,” and that, in such case, the liability of the guarantors could only be fixed by notice from the plaintiff, “ that he had accepted the guaranty and would act upon it. ”
He gives cases in which acceptance and notice might be presumed. But the case must turn upon the correctness of the legal proposition so distinctly announced to the jury, and which must have controlled their verdict.
We cannot concur in the construction and effect given by his Honor to the instrument in question, from which the necessity of notice of acceptance to the guarantors, in order to bind them, is made to result as a consequence.
This branch of the law came up and was considered by us at last term, in the case of Vanleer vs. Crawford, 2 Swan, 117. That case was elaborately discussed, and involved, as it was argued, the whole doctrine on this subject. But, inasmuch as we considered that notice of acceptance was in effect, if not in fact, given to the guarantor, thei’e was no express decision of the exact point now presented, and on which this case must turn.
In that case, however, it is said, “that if the case depended alone upon the original guaranty of the 26th of January, 1849, which was enclosed in a letter from the plaintiff in error to Lanier, it might be very plau *167 sibly maintained, upon the construction of that instrument, that any person who hired slaves to Lanier, pursuant to its terms, and upon its faith, might support an action against the guarantor, without showing any thing more than simply that he had acted upon it.”
That instrument was in these words: “ I do hereby guaranty the payment of any contract that Sam Lanier may make for the hire of negroes during the year 1849, to be used at his iron works or any iron works in which he may be interested in Decatur or Perry county, Tennessee.”
If that would have been held to be obligatory without notice of acceptance, as was clearly intimated, if the case had required it, there can surely be no doubt about the case now before us. We are aware, as stated in that case, of the great and irreconcilable conflict of the most respectable authorities upon this question. Some of them, both English and American, and among others, the Supreme Court of the United States, in Douglass vs. Reynolds, 7 Peters, 113, seem to have established the doctrine, that the liability of guarantors, depends upon principles analogous to those which apply to endorsers; and that the principles of commercial law so far apply as that notice, or at least, knowledge of the acceptance of the guaranty, and the demand upon, and failure of the principal to pay, are' conditions necessary to fix the liability of the guarantor. On the other hand, there is a strong current of authorities, both here and in England, holding the true doctrine to be, that “ an absolute present guaranty, complete in its terms, and fixing the liability of the guarantor, takes effect as soon as it is acted upon. 2 *168 Bouv. Inst., 56. Amer. Leading Cases, with Hare & Wallace’s notes, 2 vol., 33 to 100; where the cases are collected.
We think this latter doctrine is based upon sounder reason, and better calculated to effectuate the true meaning and understanding of the parties, and accomplish the ends of justice.
These instruments are extensively used in the commercial world, and large credits and advances are made upon the faith reposed in them, in the various forms which they assume, as letters of credit, guaranties, &c.
It is important to trade and enterprise, which very often, if not- most generally, depends upon a combination of the labor and energy of those without means with the credit of those who have them. The more difficult it is rendered to make these undertakings available, by complicated rules of notice, demand, &c., the less confidence will be reposed in them, and the credit and encouragement they afford to the enterprising and industrious, will be in a great measure withdrawn.
In pursuance of this view, it was decided by the Supreme Court of the United States in Drummond vs. Prutman, 12 Wheaton, 515, that a guarantor shall be held bound to the full extent of what appears to be his engagements, and the rule in expounding these undertakings is, that the words of the guaranty are to be taken as strongly against the guarantor as the sense will admit. Fell on Guaranty, ch. 5, p. 121. 12 East, 227.
No injury can result from this doctrine, as it is in the power of guarantors to make their obligation de *169 pendent upon notice, demand, or any other condition they see proper, for their own protection and safety.
It would he difficult to select words, more direct, positive and unconditional, than those used in the present case. The contract of Moore was before them, set out in all its terms, and their undertaking written upon it with express reference to its contents.
It is then, an absolute present guaranty, complete in its terms, and took effect as soon as it was acted upon by the plaintiff, to the extent of all the books delivered and not accounted for by Moore. It was not limited to any particular number of books, or books to be delivered in any specified time, so as to make it a limited guaranty, but it exténded to all that might be delivered under that contract, and was therefore, what is called a continuing guaranty. In such a case, the defendants would be bound until they gave notice to the plaintiff that they would be no longer liable.
¥e held at the present term, in the case of White vs. Stacker, that the defendant was bound without any notice, upon this instrument: “High Point, Ky., Jan. 22, 1848. To all whom this may concern. This is to certify that I have agreed to go Dr. J. B. ’Williams’ security for the hire of all the negroes he may be able to obtain by this letter of credit, for the year 1848. Said hands to be employed at West Point Furnace, Decatur county, Tenn. . John Stacker.”
Upon the faith of this guaranty, or letter of credit, Williams hired negroes of Jonathan White, and executed his note with John Stacker, guarantor. Ho notice was given to Stacker by White of the acceptance of the guaranty. Williams failed, and Stacker was sued *170 by White. We held him liable by his guaranty. The case before us must be governed by the same principle.
The instructions then, given by his Honor to the jury, in the interpretation and construction of the instrument sued upon in this case, -were erroneous; and for this the judgment will be reversed, and a new trial be granted.