Manly, J.
 

 An analysis and proper understanding of the-facts of this case, will show, as we conceive, that the instruction first asked for by the plaintiff, is based upon an erroneous view of their substance and effect. The engagement of the plaintiff’s intestate to pay the whole judgment against himself and Parker, as the sureties of Strickland, is not a promise to pay the debt of another, but an undertaking on the part of.
 
 *18
 
 Matthews, for a consideration, to make that debt his own in respect of his co-sureties.
 

 It wae¡ competent for Matthews to make this arrangement, which was simply a mode of making payment for the assignment of the right to call for a title to the land. His promise to pay a specific sum to Parker for the right, would have been obligatory as a promise based upon a sufficient consideration moving from one party to the other. It does not change the nature or binding force of the promise, that it is to extinguish a debt which Parker owes to another. It is still a mode by which Matthews pays his own debt, and the promise, on his part, is simply to that purport and effect. The provision, therefore, of
 
 the
 
 Eevised Code, (chap. 50, sec. 15) opposes no obstacle to the legal efficacy-of the, intestate’s agreement. Nor does the eleventh section stand in the way ; for the Court has repeatedly held that an assignment of a bid at a sale of lands, under a
 
 fi. fa.,
 
 is valid, without writing.
 

 The view which we have thus taken of the promise of Matthews, disposes of the merits of the case in respect of all redress in a court of law. The promise of Matthews being to pay his bwn debt, it follows when he paid it, it was not money paid (is the co-surety of Parker and to his use, for which the statute gives the remedy, at law, Eevised Code, eh. 110, sec. 2.. *Ihe substance of the Court’s instruction, therefore, was correct, viz., that upon the evidence, the plaintiff could not recover.
 

 The dubious aspect of the case has arisen out of the unexplained and surprising folly of a man, who being able to pay, buffers his land to be sold at a sacrifice and immediately buys it hack at a great advance. We are unable to understand this from any thing stated in the case. Whether it may not have 'been effected by combination and fraud between Parker and |3tewart and others, as suggested in the second prayer for instruction, we cannot say. Such fraud might account for it,, ¡but we find no proof to sustain the suggestion.
 

 - The instruction asked for, therefore, in the second place, was properly refused by the Court, because it was hypothetical
 
 *19
 
 and without evidence to sustain it. If there had been evidence, the remedy would probably have been held to be in another forum ; where the parties might be regarded as still standing in the relation of co-sureties, notwithstanding the agreement and promise to the contrary.
 

 The instruction asked for in the third place, stands upon the same footing with the last, resting upon no foundation in the proofs. It was, also, properly refused by the Court.
 

 There is no error,
 

 Pee Curiam,
 

 Judgment affirmed-.