FRANK CALLOWAY *v.* HARRY O'NEIL.*

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

*As to effect of surety to indemnify cosurety as a promise to answer for the debt of another, see 1 A. L. R., 388; 25 R. C. L., 529; 3 R. C. L. Supp., p. 1424; 3 R. C. L. Supp., p. 1333.

LINDSAY, YOUNG & YOUNG and CHAS. E. DONAGHY, for complainant, appellant.

AYRES & BROUGHTON, for defendant, appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

*(1)* This suit is brought by a surety to collect from a cosurety on a note of Knoxville Baseball Association, given to City National Bank, that *pro-rata* part of the debt which complainant was forced to pay, the charge being that the defendant promised, by way of inducement to secure complainant's signature, to indemnify and repay him for any such loss. A demurrer was interposed to the bill raising the defenses of the Statute of Frauds, the promise not being in writing, and want of consideration. The Chancellor sustained the demurrer and dismissed the bill.

*(2)* The obligation incurred to share the principal obligation with his cosurety, the defendant, and the payment of his *pro-rata* of the debt, was a sufficient consideration for the alleged agreement. The case turns on the question of the applicability of Subsec. (2) of Section 3142 of Shannon's Code, which provides that no action shall be brought, "whereby to charge the defendant upon

any special promise to answer for the debt, default, or miscarriage of another person.''

While this section has been prolific of litigation and .has been the subject of much conflicting consideration by the Courts of this Country and England, no reported Tennessee opinion appears to have dealt with the exact situation here presented.

*(3)* It is urged for the defendant that his promise was to pay the debt of another, to-wit, Knoxville Baseball Association, primarily liable on the note, and that the agreement is therefore within the Statute of Frauds. It is said that the decisions are hopelessly in conflict, but that while the great weight of authority in England and this Country is apparently with complainant, that many States hold with the defendant, and that Tennessee has adopted the minority view. Counsel concede that in 27 C. J., p. 155, it is stated that the weight of authority in this country is to the effect that a promise to indemnify the promisee against liability as surety, or guarantor of another, is not within the statute, but reliance is placed on the concluding comment that ''there is, however, much strong authority to the contrary.''

The only Tennessee case cited for the minority rule is *Macey* v. *Childress,* 2 Tenn. Chy., 438. Other text books (25 R. C. L., pp. 528-530; 6 Ann. Cases 674, note; 1 A. L. R., 384-391), do not cite the Macey case, probably because it is not an opinion of a Court of last resort, and also because its conclusions are announced with hesitation, coupled with language which expresses doubt that the evidence of the making of the promise relied on in that case was satisfactory, and the suggestion that this may have influenced the decision.

Looking further to the Macey case it will be seen that the only decision of this Court relied on by the learned

Chancellor was *Campbell* v. *Findley,* 3 Humph., 330, and it is significant that this case was expressly overruled in our later case of *Moore* v. *Stovall,* 2 Lea, 543. Moreover that case is to be distinguished from the one before us in this important particular. There the promise relied on was one made by the maker of a trust assignment for creditors to indemnify a person who at his request became a surety on the bond of the Trustee. The promisor was not himself bound on the obligation, as is one who is a cosurety. As said in 25 R. C. L., p. 529, ''There is a greater reason for holding that the promise of one cosurety to indemnify another, who signs as cosurety at his request, is not within the Statute than where the promise is by one not so liable, and it seems to be generally held that such a promise is not within the Statute.'' In a note (page 530) it is said, ''It may be noted that if this rule is fully recognized it would reconcile the English cases referred to in Paragraph 110, which are generally considered as in direct conflict.'' This would also go far to reconcile our American cases, for conceding that there is respectable minority authority for the holding that the Statute applies generally to cases of indemnity agreements not in writing, this is hardly true of cases like the one before us arising between cosureties. For instance, in the exhaustive note in 1 A. L. R., beginning on page 383, while conceding some substantial conflict in the general rule, and as to alleged liability arising under certain conditions, under the subhead ''cosurety,'' page 388, the annotator says: ''The overwhelming weight of authority is to the effect that a promise by a surety to indemnify a cosurety, or an agreement that a cosurety shall be responsible only for a certain proportion of any loss sustained, is not a promise to answer for the debt

or default of another, and therefore need not be in writing, this rule being sustained by the following cases."

The cases cited and reviewed in support include the courts of Massachusetts, Michigan, New Jersey, New York, Ohio, Oregon, South Carolina, Texas, Virginia, West Virginia, Indiana, Washington, Georgia, Louisiana, Minnesota, North Carolina, Pennsylvania, Kentucky, and the leading English case of *Thomas* v. *Cook.* Only three cases are cited *contra*, and one of these, decided in 1848 by the North Carolina court, does not appear to have been followed in principle in that State. See *Hockaday* v. *Parker*, 53 N. C., 16. The note in 6 Ann. Cases, 674 is to the same effect, citing but two cases *contra*, one a Missouri case and the other, it is significant to note, *Wolverton* v. *Davis*, 85 Va., 64, which was later expressly overruled in *Alphin* v. *Lowman*, 115 Va., 441, Ann. Cases 1915 A., p. 863, 79 S. E., 1029.

While no case between cosureties appears to have been passed on in this State, we have decisions on the general subject of the application of the statute to indemnity agreements which appear to be consistent in principle with the rule above shown to be well-nigh universal. For example, *Railroad Co.* v. *Houston*, 85 Tenn., 224; *Moore & Miller* v. *Stovall*, 2 Lea, 543; *Randle* v. *Harris*, 6 Yerg., 509; *Macon* v. *Shephard*, 2 Humph., 338; *Mills* v. *Mills*, 3 Head, 711.

We have here a plain case on the face of the bill of a promise made by a surety to induce another to become his cosurety and share with the promisor the obligation incurred, and, in harmony with the general rule above set forth, we hold the promise not to be within the Statute of Frauds.

It results that the decree must be reversed and the case remanded for further proceedings.