OPINION
Appellant, Steve Mox, appeals the January 24, 2002 judgment of the Common Pleas Court of Mercer County, Ohio, overruling his motion to vacate that court's July 23, 2001 judgment of default.
Appellant Mox signed a guaranty document on February 20, 1996. This document provided that Mr. Mox would act as continuing guarantor for Steve Mox Trucking, Inc., for any indebtedness it had to the appellee, Pilot Corporation (hereinafter "Pilot"). At the time of the signing of the guaranty, Mr. Mox owned stock in Steve Mox Trucking, Inc. (hereinafter "the corporation"). Subsequently, Mr. Mox sold his share of the corporation.
Pilot received a letter from counsel for Mr. Mox, on September 29, 1997, which provided that as of that date, Mr. Mox was revoking his continuing guaranty on the contract between Pilot and the corporation. The letter provided no reason as to why Mr. Mox made such a revocation. Thereafter, the corporation and Pilot entered into a contract with one another on October 10, 1997. The contract provided that Pilot would regularly furnish fuel to the corporation, which would, in turn, pay Pilot under a billing system.
The corporation failed to satisfy amounts owed to Pilot, which lead Pilot to file a complaint in the Common Pleas Court of Mercer County, Ohio, on April 23, 2001. The complaint, filed against both the corporation and Mr. Mox, individually, alleged that the corporation had an outstanding balance of $304,863.22, that a demand had been made upon the defendants, and that neither defendant responded or otherwise satisfied the debt. The complaint further alleged that Mr. Mox was joint and severally liable for this amount as the continuing guarantor.
Summons was sent to both Mr. Mox and the corporation via certified mail but was returned on April 30, 2001. The return receipt indicated that both the summons to the corporation and the summons to Mr. Mox were refused. A praecipe was then filed on May 4, 2001, requesting that the complaint be sent to the defendants by ordinary mail service. The complaint was mailed to the defendants on that same date, and on June 19, 2001, the trial court found that service was perfected on both defendants. Neither defendant filed an answer or otherwise responded to the complaint within the mandated period of time. Thereafter, Pilot filed a motion for default judgment on June 26, 2001. The trial court granted this motion on July 23, 2001, and awarded Pilot the amount requested in the complaint with interest at 10% per annum.
Mr. Mox filed a motion to vacate the July 23, 2001 judgment of default on November 20, 2001. The trial court overruled Mr. Mox's motion to vacate on January 24, 2002. This appeal followed, and Mr. Mox now asserts one assignment of error.
 "The trial court erred in denying Appellant's motion to vacate the judgment of the court pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure."
The Ohio Supreme Court has determined that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987),33 Ohio St.3d 75, 77 (citing Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 66; Colley v. Bazell (1980), 64 Ohio St.2d 243;Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 11; GTE AutomaticElectric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146). Thus, it is with this narrow standard in mind that this Court addresses Mr. Mox's assignment of error.
In order for a court to grant a motion for relief from judgment pursuant to Civ.R. 60(B), the moving party must demonstrate the following:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric, 47 Ohio St.2d at 150-151 (citations omitted).
In the case sub judice, the trial court found that Mr. Mox failed to satisfy the first requirement of the GTE test: the meritorious defense. In so doing, the court did not address whether the other two prongs of the GTE test were met by Mr. Mox, but instead chose to assume that these conditions were met. Thus, our review of this judgment is limited to whether the trial court abused its discretion in determining that Mr. Mox did not have a meritorious defense to the allegations of the complaint.[1]
Both parties acknowledge, and the guaranty document reflects, that the substantive law of the State of Tennessee governs the dispute between the parties as to whether Mr. Mox has a meritorious defense to the allegations of the complaint. The State of Tennessee has taken the following position on guaranty contracts:
 "Guaranties on a commercial contract are special contracts under Tennessee law. In order to facilitate the extension of credit, Tennessee does not favor guarantors and will construe a guaranty against the guarantor as strongly as the language will permit. * * * This principle of law dates back to Bright v. McKnight, 33 Tenn. 158 (1853), where our Supreme Court held that `a guarantor shall be held bound to the full extent of what appears to be his engagements, and the rule in expounding these undertakings is that the words of the guaranty are to be taken as strongly against the guarantor as the sense will admit.'" Id. at 168. Suntrust Bank, East Tennessee, N.A. v. Dorrough (Tenn.Ct.App. 2001), 59 S.W.3d 153, 156
(internal citations omitted).
 In Bright, the Supreme Court of Tennessee further found that "[n]o injury can result from this doctrine, as it is in the power of guarantors to make their obligation dependent upon notice, demand, or any other condition they see proper, for their own protection and safety." Bright, 33 Tenn. at 168-169. Thus, the risk of entering into a guaranty is placed upon the guarantor, who must take care to ensure his own protection in the commercial transaction.
The contract between Mr. Mox and Pilot specifically states that it is a continuing guaranty, which means that it is a guaranty of both particular transactions and future transactions. See Stearns v. Jones (Tenn. 1917), 199 S.W. 400, 401. A continuing guaranty "is generally unlimited as to time[.]" Id. In addition, "absent provisions in the contract to the contrary, a guarantor may revoke a continuing guaranty for which the consideration for the guaranteed obligation has not passed." Clemmer v. Farmers-Peoples Bank (Tenn.Ct.App. 1976),548 S.W.2d 661, 663.
The guaranty at issue in the case sub judice states that "[t]his Guaranty is, and is intended to be, an absolute, unconditional and continuing guaranty which shall not be affected by any act or thingwhatsoever except as herein provided[.]" (emphasis added.) The guaranty contains no provision for revocation by written notice or otherwise. Therefore, although ordinarily Mr. Mox would be able to revoke a continuing guaranty, the guaranty that he signed with Pilot contained a provision to the contrary. In other words, the provision that states that the guaranty "shall not be affected by any act or thing whatsoever except as herein provided" prevented Mr. Mox's written revocation from having any effect upon his continuing personal guaranty to Pilot, especially in light of the fact that Tennessee requires that the words of the guaranty are to be taken as strongly against the guarantor as the sense will admit. Moreover, as previously stated, the substantive law of Tennessee provides that Mr. Mox bear the responsibility of ensuring that any condition he saw proper for his own protection and safety was included in the guaranty. He chose not to ensure that the guaranty contained a provision regarding revocation under the laws of a State that does not favor guarantors and will construe a guaranty against the guarantor as strongly as the language will permit.
Given the status of the law regarding a continuing guaranty in Tennessee, this Court cannot find that the trial court abused its discretion in overruling Mr. Mox's Civ.R. 60(B) motion to vacate the default judgment. Therefore, the assignment of error is overruled.
For these reasons, the judgment of the Common Pleas Court of Mercer County, Ohio, is affirmed.
Judgment affirmed.
BRYANT and HADLEY, JJ., concur.
[1] Although the trial court chose to assume that Mr. Mox's failure to appear in the case because he did not have personal knowledge of it until after the default judgment was entered constituted excusable neglect, this Court has serious reservations that his lack of knowledge following his refusal of the initial service amounts to excusable neglect. However, because the trial court did not address this issue, our review of whether the trial court abused its discretion is limited to the meritorious defense issue.