H. P. CLEMMER [and wife, Pauline Clemmer], Appellee,

v.

FARMERS-PEOPLES BANK, Appellant.

Court of Appeals of Tennessee, Western Section.

Aug. 16, 1976.

Certiorari Denied by Supreme Court Jan. 17, 1977.

**662**

John F. Kizer, Milan, for appellant.

Lloyd S. Adams, Jr., Adams & Albright, Humboldt, for appellee.

MATHERNE, Judge.

The issue before the trial court was the amount of money for which a guarantor was liable under a contract of continuing guaranty.

## I.

This lawsuit originated by complaint of Dr. H. P. Clemmer and wife, Pauline M. Clemmer, seeking a mandatory injunction requiring the Farmers-Peoples Bank to deliver a life insurance policy and certain municipal bonds which it held as security. The bank filed a counterclaim demanding judgment against H. P. Clemmer for $87,529.43 due the bank by overdrafts and notes of Clemmer Building Supply and Hubert P. Clemmer, Jr., guaranteed by H. P. Clemmer.

The trial judge held that the contract of guaranty was valid. He allowed the guarantor Clemmer a discretionary appeal on that issue, reserving the issue of the amount due under the guaranty. This Court held that the contract of guaranty was ambiguous and remanded for proof of the intent of the parties to the contract. On grant of certiorari, the Supreme Court of Tennessee held that the contract of guaranty was not ambiguous, declared the contract to be one of continuing guaranty and remanded to the trial court for a determination of the amount due under the guaranty. *Farmers-Peoples Bank v. Clemmer* (Tenn.1975) 519 S.W.2d 801.

On remand the trial court permitted an amendment to the counter complaint wherein the bank sought judgment against the guarantor H. P. Clemmer in the total amount of $134,706.54, plus a reasonable attorney's fee.

The trial judge held that the guarantee bank was entitled to recover from the guarantor, H. P. Clemmer, the sum of $104,080.84 for all the overdrafts and notes of the principal obligors, Hubert P. Clemmer, Jr. and Clemmer's Building Supply, together with 6% interest on the overdrafts until January 28, 1971, interest in the contracted amounts provided on the notes until January 28, 1971, and 15% attorney's fee on the notes only. The trial judge disallowed interest on the notes and overdrafts after January 28, 1971, because he held that the filing of the counterclaim by the guarantee bank on that date revoked the continuing guaranty.

The record further reveals that Hubert P. Clemmer, Jr. took bankruptcy. The bank as lienor took possession of the stock of goods and accounts receivable of Clemmer's Building Supply. A public sale was held and the bank recovered the gross sum of $21,601.18 for the assets sold. Thereupon,

the federal government asserted a claim to that fund based upon certain claimed obligations of Hubert P. Clemmer and/or Clemmer's Building Supply. The fund was then, by agreement between the bank and the government, placed in escrow with John F. Kizer pending the determination of the priorities of the parties. The bank thereupon filed a lawsuit in federal court which ultimately resulted in a judgment awarding $1,300 of the fund to the federal government and the balance of $20,301.18 to the bank. The escrow agent, who was also the attorney for the bank in the federal litigation, withheld attorney's fee, expenses of litigation and an item for rent in the total amount of $5,684.18, paying to the bank the net amount of $14,617.00 to be credited against the guaranteed obligations of Clemmer's Building Supply. The trial judge allowed a credit against the guaranteed obligations in the amount of $19,308.30. That figure represents the difference between the $20,301.18 recovered in the federal court and the sum of $992.88 which the trial judge found as expended by the bank for rent, insurance, advertising and utilities. The trial judge did not allow the guarantee bank its attorney's fee and litigation expense out of the $20,301.18 recovered in the federal court.

The bank appeals to this Court and raises two issues: (1) the trial judge erred in disallowing interest after January 28, 1971 on the ground that the filing of the counter complaint revoked the continuing guaranty; and (2) the trial judge erred in failing to deduct the attorney's fee and litigation expense from the credit allowed the obligor out of the fund realized from the federal court litigation.

The guarantor does not appeal, and the above issues are the only questions before this Court.

## II.

■ Generally, absent provisions in the contract to the contrary, a guarantor may revoke a continuing guaranty for which the consideration for the guaranteed obligation has not passed; but the guarantor cannot thereby escape liability for obligations which have been incurred on the strength of the guaranty before the notice of revocation. 38 C.J.S. Guaranty § 36, pp. 1174–1175.

It appears from the record that all obligations allowed against the guarantor were incurred by the principal obligor prior to the filing of the counterclaim. The guarantor does not question that fact.

■ We hold, therefore, that under this continuing guaranty, regardless of revocation or the lack of same by the filing of the counter complaint by the guarantee, the guarantee is entitled to interest from the guarantor from the time the principal obligor became bound under the guaranteed obligation to the date of payment or judgment. This holding is based upon the proposition that the liability of the guarantor under a continuing guaranty is measured by the liability of the principal obligor. Compare: *Villines v. Parham-Lindsey Grocery Co.* (1927), 6 Tenn.App. 254. The trial court erred in refusing to allow interest to the date of judgment.

■ For the same reason we hold that the guarantee bank is entitled to its attorney's fee and litigation costs as a result of the lawsuit it brought in the federal court. That lawsuit inured to the benefit of the guarantor because the recovery there realized was credited against a guaranteed obligation. The lawsuit was properly instituted, and had the principal obligor brought the lawsuit it would have been liable for the attorney's fee and the litigation expenses. We hold that, under the circumstances, the guarantee bank had the right to bring the lawsuit for the benefit of itself and the guarantor. We conclude that the trial judge erred in not allowing as a claim against the guarantor reasonable attorney's fees and litigation expenses incurred in the federal court litigation.

It results that the judgment of the trial court is reversed and this lawsuit is remanded to the Law and Equity Court of Gibson County, Tennessee for a finding of interest due to the date of judgment and

the amount of attorney's fee and litigation expenses incurred in the federal litigation, and for a total judgment against the guarantor H. P. Clemmer which will include those amounts.

The cost in this court is adjudged against the original plaintiff Dr. H. P. Clemmer, for which execution may issue.

CARNEY, P. J., and NEARN, J., concur.