FILED

July 29, 1998

Cecil W. Crowson
Appellate Court Clerk



YVETTE PATRICE GARRETT,     )     Sumner Juvenile

     )     No.  48-99

     Plaintiff/Appellant,     )

     )

VS.     )

     )

JAMES EDWARD GRAY, JR,     )     Appeal No.

     )     01A01-9709-JV-00489

     Defendant/Appellee.     )

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

### APPEAL FROM THE JUVENILE COURT OF SUMNER COUNTY
### AT GALLATIN, TENNESSEE

### HONORABLE BARRY BROWN, JUDGE

James W. Price, Jr.
Suite 1230
First American Center
Nashville, Tennessee 37238-1230
ATTORNEY FOR PLAINTIFF/APPELLANT

James E. Gray, Jr.
6393 Valley Oak Drive
Memphis, Tennessee 38141
PRO-SE FOR DEFENDANT/APPELLEE

### VACATED AND REMANDED

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| YVETTE PATRICE GARRETT, | ) | Sumner Juvenile |
|---|---|---|
| | ) | No.  48-99 |
| Plaintiff/Appellant, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| JAMES EDWARD GRAY, JR, | ) | Appeal No. |
| | ) | 01A01-9709-JV-00489 |
| Defendant/Appellee. | ) | |

# O P I N I O N

This appeal involves the enforcement of the support provisions of a paternity judgment of the Juvenile Court.

On May 19, 1994, the Juvenile Court entered judgment that the captioned defendant was the natural father of Sheldon Bernard Garrett, born out of wedlock on August 18, 1979, granting custody to the plaintiff mother and legitimating the child.  The expenses of birth were reserved for future adjudication.  The father was ordered to provide health insurance for the child until October 30, 1994, and to pay to the mother $530.00 per month plus clerks fees of $26.00 beginning May 13, 1994.

On August 29, 1997, the mother filed a "Petition for Order of Arrearage and Medical Expenses and to Amend Decree."  The petition alleged that the father had concealed a part of his earnings resulting in an inadequate award of monthly support, that support has been paid only since June, 1994, and that the mother was required to pay an unstated amount of birth expenses. The petition prayed as follows:

> 1.     That at a hearing the court determine the amount of reasonable and necessary expenses of the child

-2-

from its birth until entry of the order of legitimation and enter judgment accordingly.

      2. That the decree heretofore entered by (sic) amended and an order of child support in accordance with the guidelines be entered.

      3. That petitioner be granted her reasonable attorneys-fees and costs.

      4. For general relief.

On November 8, 1995, the father filed an answer and counter petition admitting previous proceedings and denying all other facts alleged in the petition. Affirmatively, the answer alleged that the child "may have been adopted by the mother's husband, that the claim for arrearage and medical expenses was barred by laches, and that the mother had interfered with visitation by concealing the identity of the child and parentage of its father until May 12, 1994.

The counter complaint alleged that the child prefers to reside with his father. The counter complaint prayed for custody and child support.

On July 16, 1997, the father filed a petition to terminate child support because the child had graduated from high school, had lived with his father since July 1996, and his name had been changed from Garrett to Gray.

On August 29, 1997, the Juvenile Judge entered an order reading as follows:

> This cause came on to be heard before the Honorable Barry Brown, Judge, upon the Petition of Yvette Garrett seeking to have a judgment of arrearage in child support adjudicated against the Respondent James Gray. The Court declined to conduct an evidentiary hearing and the parties stipulated that if called to testify the parties would have testified as follows:

> That the Respondent James Gray had been adjudicated the father of the minor child Shelton on the 11th day of May, 1994 and was ordered to pay the sum of $530.00 being 21% of his net salary of $3,466.00 per month in accordance with the guidelines. The Court at that time reserved the issue of arrearage in child support to a later hearing.

That prior to filing the original Petition in this case the mother had filed no Petition for enforcement of child support.

That in 1979 the Respondent was on active duty as a staff sergeant in the U.S. Army. That from 1980 to 1981 the Respondent was employed full time with the Memphis Police Department, and from 1981 to present he has been employed by the Shelby County Sheriffs Department where he is now an administrative assistant to the Processing Commissioner.

That in 1994 the Respondent's monthly income was $3,466.00. In 1993 his monthly income was $3,303.42 and in 1992 his monthly income was $2,845.00. The Respondent was unable to provide proof of income other than above but at no time during the life of the child was Respondent not fully employed at a salary at or above the minimum wage and that the Respondent had at all times medical insurance available for the child.

That the mother has no records to support her claim for necessities for the child but would have testified that the cost of the birth of the child was $5,000.00 and that the cost of necessities for the child from 1979 to 1981 was $175.00 per month, 1982 was $310.00 per month, 1983 to 1994 was $330.00 per month.

The Court finds:

That due to the mother's failure to seek child support prior to 1994 the Court should mitigate the arrearage and that the father should pay to the mother the total sum of $850.00 as child support arrearage. The Court further finds:

That the child will become 18 on the 18th day of August, 1997 and has graduated from high school and therefore the father's obligation for payment of child support should terminate.

It is thereby ORDERED, ADJUDGED AND DECREED that Petitioner, Yvette Garrett, is awarded $850.00 for child support arrearage.

It is further ORDERED, ADJUDGED AND DECREED that support payments shall terminate as of August 1, 1997.

It is further ORDERED, ADJUDGED AND DECREED that the Respondent is not entitled to any offsets or credits for said arrearage.

It is further ORDERED, ADJUDGED AND DECREED that the cost of this cause is taxed to the Respondent for which execution may issue.

-4-

The mother appealed and presented the following issues:

> 1.      Whether the Trial Court erred in not granting an an evidentiary hearing on the issue of arrearage in child support.
>
> 2.      Whether the court should have awarded the child support arrearage based upon the needs of the child and the guildlines.

The mother's brief concludes that this Court should increase the judgment for arrears support to $50,272.00.

The record received by this Court contains no transcript or statement of the evidence. However, the judgment of the Juvenile Court, quoted above, does contain some findings of facts.

The appellee father has filed no brief in this Court, and the appeal has been taken under consideration upon the meager record and the brief of the appellant mother.

**FIRST ISSUE:**

Failure to grant an Evidentiary Hearing

In response to an order of this Court, the Juvenile Judge has filed the following statement:

> On this the 25th day of June, 1998, the Court makes this statement in this matter as follows:
>
> For the purpose of this hearing the Court, to the best of its recollection, met with the parties' attorneys during the docket. The docket was extremely heavy and the likelihood of having the time to try this case on was very small.
>
> The attorneys asked the Court how it usually rules in these type of cases. The Court explained to the attorneys what the Court customarily follows but because each case is individual the ruling can vary but to the Court's exact decision it would be impossible to say without hearing testimony.
>
> The attorneys agreed to put on proof of what their clients would have stated to the Court. Based on their evidence presented, the Court made its decision.

-5-

> At no time did this Court deny the parties the right to
> a full hearing in this case.

The foregoing statement is treated by this Court as a statement of oral proceedings leading to the judgment under review.

Where evidence is excluded by a trial court, it is permissible for counsel to state for the record the substance of the excluded evidence or include the excluded evidence in the record on appeal. *Farmers-Peoples Bank v. Clemmer*, Tenn. 1975, 519 S.W.2d 801, 548 S.W.2d 661; *McLean v. Memphis Union Station Co.*, 1 Tenn. Civ. App. (1 Higgins) 457.

Without a transcript or statement of the proceedings, the certificate of the Juvenile Judge that he did not refuse to hear any evidence disposes of appellants first issue.

**SECOND ISSUE**:

Child Support Arrearages

Appellant argues that she is entitled to $50,272.00 arrears child support from the birth of the child to the date of the order of patenrity and beginning of support payments. The income of the father during this period was stipulated and counsel stated to the Court that the mother would testify that the cost of birth was $5,000.00 and that the cost of necessities for the child was from $175 to $330 per month during this period.

The order of the Trial Court stated that the award to the mother should be mitigated to $850.00.

In *State ex rel. Coleman v. Clay*, Tenn. 1991, 805 S.W.2d 752, the parties had intimate relations for two years. When informed of the pregnancy he first denied responsibility, but later

contributed some support in kind and promised regular support but did not perform. The paternity suit was filed when the child was 14 years old. The father evaded process for 2 years, and judgment was not rendered until the child was 16. The Supreme Court remanded to the Juvenile Court for revision and said:

> The Court of Appeals, relying upon emphasized language in § 36-2-108, held correctly that the father's responsibility for support of a child of his born out of wedlock arises at the date of the child's birth. Because the statute also permits the juvenile court to make a retroactive award for expenses incurred in the support of the child prior to the entry of the paternity decree, such an award can be made back to the date of the child's birth, under appropriate circumstances. Obviously, the juvenile judge has broad discretion to determine the amount of such a retroactive award, as well as the manner in which it is to be paid.
>
> - - - -
>
> What the juvenile judge lacks is discretion to limit the father's liability for child support in an arbitrary fashion that is not consistent with the provisions in T.C.A. § 36-2-102 and § 36-2-108.
>
> - - - -
>
> We further agree that the statute gives the juvenile court the discretion to order a retroactive support award back to that date, the amount and method of payment to be determined by juvenile judge in light of the circumstances of the case and consistent with the standards which normally govern the issuance of child support orders.
>
> - - - -
>
> As did the Court of Appeals, we also reject the defendant's argument that Mary Coleman should be denied recovery because she is guilty of laches. In order to establish such a bar, more than mere delay must be shown. *Murphy v. Emery*, 629 S.W.2d 895, 897-98 (Tenn. 1982). Indeed, the touchstone of laches is prejudice to the other party, and here, no actual prejudice of the kind contemplated by law has been demonstrated by the defendant. We do find, however, that the mother has waived recovery for expensese incurred in connection with her pregnancy and Kristi's birth, since no request for such reimbursement was made, and there is no proof in the record to support such an award.

The foregoing is controlling upon the facts stated therein. However, in the present appeal, the record contains no transcript or statement of the evidence from which this Court could find facts comparable to those recited in the cited opinion. This Court is therefore not in position to revise or reverse the discretion of the Juvenile Judge which was repeatedly recognized in the quoted opinion of the Supreme Court.

Ordinarily, the failure to provide a transcript or statement of the evidence is conclusive upon appeal requiring a determination of facts. However, T.C.A. § 27-3-128 provides for remand to the trial court for further proceedings where justice of the case requires. This appears to be a suitable case for such a remand.

Tenn. Code Ann. § 36-2-108(b) requires that paternity orders provide for "the support of the child prior to the making of the order of paternity and support," and Tenn. Code Ann. § 36-2-108(d) requires that these decisions must be made in accordance with the child support guidelines. While decisions concerning child support between the time of birth and the time of filing the paternity petition are discretionary, see *State ex rel. Coleman v. Clay*, 805 S.W.2d 752, 755 (Tenn. 1991); *Barabas v. Rogers*, 868 S.W.2d 283, 288 (Tenn. Ct. App. 1993), these decisions cannot limit the parent's liability for child support in an arbitrary fashion. See *State ex rel. Coleman v. Clay*, 805 S.W.2d at 755.

> The parent who provides support has the right to recover from the non-supporting parent just reimbursement for the amount of support supplied in excess of the apportioned share of the supporting parent. [citations omitted] the right of the supporting parent to reimbursement begins at the birth of the child and does not appear to be subject to any statute of limitation.

*State ex rel. Grant v. Prograis*, 1997 WL 536946, at *6.

Accordingly, the judgment of the Juvenile Court is vacated and the cause is remanded to the Juvenile Court for further hearing and consideration of the just amount of recovery due the appellant. Costs of appeal are taxed against the appellee.

**VACATED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE