LOCKE *v.* SMITH FUNERAL SERVICE, INC., *et al.*

(*Knoxville,* September Term, 1941.)

Opinion filed December 5, 1942.*

---

*Designated for publication May 17, 1943.

O. W. McKENZIE, of Dayton, and CARMACK WATERHOUSE, of Chattanooga, for appellant.

GEORGE H. WEST, of Dayton, for appellee.

MR. JUSTICE NEIL delivered the opinion of the Court.

This cause was before the Court at a former day upon petition for the writ of *certiorari,* which was granted and oral argument heard at Knoxville.

Complainant, Norman Locke, administrator, filed suit in the Chancery Court of Rhea County to sell certain lands to pay the debts of the estate. The bill named W. B. Headlee as one of the defendants, because he claimed to own the land by virtue of a tax deed. The

Chancellor sustained the right of the administrator to subject the land to the payment of debts, as prayed for in the bill, and a final decree was entered on September 9, 1940. An appeal by defendant Headlee was prayed and granted on condition that a bond be given or pauper's oath in lieu thereof. On October 8th, the defendant appeared before the Clerk and Master and took the oath, which was regularly filed on the same day. After the oath was subscribed to and filed, complainant, on October 22nd, moved to dismiss the appeal on the ground that no bond was given, and no copy of defendant's oath was ever served on complainant. It failed to state that said oath was not on file and a part of the record in the case. On October 22, 1940, more than thirty days after the final decree, or fourteen days after the oath was filed by appellant, the complainant moved to dispauperize appellant, as follows:

"Comes the complainant and suggests that defendant's oath of poverty is probably untrue, and moves the Court to require defendant to post an appeal bond, and in support thereof presents an affidavit of E. Waterhouse, a disinterested party." (Tr. p. 270.)

The motion was overruled May 6, 1941. The record shows that, after the foregoing motion to dispauperize was made and before it was overruled by the Chancellor, the complainant took the depositions of two witnesses on notice in support of the motion. The defendant Headlee excepted to the depositions because taken after the case had been tried and decided by the Chancellor on September 9, 1940, and after the appeal had been granted, and after the oath had been taken and filed on October 8, 1940.

It fully appears from the record that after Headlee had taken the pauper's oath complainant submitted the above mentioned depositions in support of his motion to dispauperize, but the Chancellor held that the filing by defendant Headlee of an oath in lieu of bond on October 8, 1940, operated to transfer the case to the Court of Appeals and he had no jurisdiction to pass upon or determine the truthfulness of the oath. The administrator appealed and filed only one assignment of error, that the Chancellor erred in holding that he was without jurisdiction to hear evidence and require the defendant to justify his oath. The Court of Appeals sustained this assignment of error and remanded the cause to the Chancery Court to hear "such proof as may be introduced touching this issue." The Court of Appeals further observed: "The proof offered in support of the administrator's motion is wholly *ex parte* and is too inconclusive to justify this Court in looking to the evidence and pronouncing such decree as should have been pronounced by the Chancellor," etc.

We readily concur with the view expressed by the learned Court of Appeals that an appellate court cannot inquire into the sufficiency of an appeal bond or the truthfulness of an oath in lieu thereof. *Dunn* v. *Moore*, 22 Tenn. App., 412, 416, 123 S. W. (2d), 1095; *State, to Use, etc.*, v. *Gannaway*, 16 Lea, 124. The only question before this Court is whether or not the filing of the oath, which was permitted by the Chancellor in the final decree, operated to transfer the case to the Court of Appeals and that the trial court was then without jurisdiction to inquire ino the truthfulness of the oath.

The trial court has no control over his judgments and decrees after the expiration of the time allowed by law for perfecting an appeal and after the appeal is

perfected. Since it appears in the instant case that the motion by appellee to require the appellant to justify his right to appeal *in forma pauperis* was made more than thirty days after the final decree, and after the pauper's oath had been filed, we hold that the Chancellor was correct in holding that he had lost jurisdiction of the cause. It is insisted by appellee that he had no opportunity to question appellant's oath due to the fact that said oath was not filed until next to the last day allowed for perfecting his appeal. In response to this contention, we think the decree itself allowing an appeal on ''bond or oath'' was notice to him that appellant had been granted the right to appeal on the oath if he was unable to execute a bond.

We express no opinion, since the question is not presented, as to the jurisdiction of the trial court where the motion to dispauperize is made within the thirty days and after the oath is filed in lieu of bond.

■■ While the trial court alone has authority to inquire into the truthfulness of an oath, we hold that the Court must do so within thirty days from the entry upon the Minutes of the decree from which an appeal is taken, or before the court adjourns, provided the adjournment takes place before the expiration of said thirty day period. We know of no rule of law, or recognized practice, which permits the successful party to come into court after the expiration of the time allowed for perfecting an appeal and question the truthfulness of an oath filed in lieu of an appeal bond.

We are constrained to hold that the learned Court of Appeals was in error in reversing the Chancellor and remanding the cause for him to pass upon the defendant's oath. The decree of the Chancellor is affirmed and the cause is remanded to the Court of Appeals to be heard on the merits.