PERRY *v.* CARTER.

(*Nashville*, December Term, 1948.)

Opinion filed April 30, 1949.

RICHARD MARSHALL and D. F. BLACKMON, both of Nashville, for plaintiff in error.

J. W. RUTHERFORD and FRANK P. REYNOLDS, both of Nashville, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is an automobile damage suit for damage to the automobile of the petitioner. The suit originated in the General Sessions Court of Davidson County where judg-

ment was rendered for the petitioner here. On appeal to the Circuit Court the action was dismissed because "Carter's car was stopped dead still when the collision occurred and that Perry was guilty of contributory negligence."

The Court of Appeals affirmed, saying in part:

"After seeing the witnesses in person, hearing their testimony and having an opportunity to observe their manner and demeanor upon the witness stand, the trial judge concluded that the accident was caused by the carelessness and negligence of the plaintiff and dismissed his suit.

"Under Section 10622 of the Code in cases of this kind there is a presumption as to the correctness of the judgment or decree of the trial court, unless the evidence preponderates against it.

"In this case we cannot say that the evidence preponderates against the judgment. Under the testimony of the defendant which, it is evident the trial court thought was convincing, the plaintiff was guilty of contributory negligence which was the cause of the accident and bars any recovery by him."

Obviously this is not a concurrent finding. This conclusion is in effect based on the legal proposition that there is some evidence to support the finding below and the evidence does not preponderate against this finding.

■ ■ Under the Code Section last above referred to the Court of Appeals must try the case "*de novo*, upon the record from the court below", supported by the presumption that the judgment of the trial court is correct as to the factual situation if the evidence is in equipoise. If, in the judgment of the Court of Appeals, the evidence preponderates against the finding of the trial court the

presumption as to its correctness vanishes and the Court of Appeals must enter such judgment as it deems the preponderance of the evidence warrants.

"Our revisory jurisdiction of the judgments of the Court of Civil Appeals does not permit that we should try a case anew. We are not to go over the entire record and decide it as a new controversy. It is our duty to ascertain if there are any errors in the action of the Court of Civil Appeals and to correct such errors." *Heggie* v. *Hayes*, 141 Tenn. 219, 208 S. W. 605, 607, 3 A. L. R. 150.

The above quoted statement from *Heggie* v. *Hayes*, was made prior to the creation of the present Court of Appeals and to Code Section 10622; but there is nothing therein or elsewhere in the act creating the present appellate court system of this State to cause a modification of the above quoted statement setting forth our duty herein.

Under this record, which is in narrative form, the facts fail to show proximate contributory negligence which bars a recovery. This record clearly makes out a case of negligence on the part of the defendant which entitles the plaintiff to recover.

The facts are: On the early morning of June 17, 1947, the plaintiff and his wife were on their way to work. The plaintiff was driving West on Shelby Ave., an arterial highway, according to him at about 20 miles per hour, behind a bus proceeding in the same direction. When the bus arrived at the intersection of South Eighth Street and Shelby it pulled over to the right to take on passengers, when it did so the plaintiff proceeded to pass to the left still on his right side of Shelby Ave. About the time he arrived at the intersection of the two Streets, Shelby Ave., and South Eighth Street, the automobile of

the defendant appeared suddenly in front of him. The plaintiff cut to his left sideswiping the front of the defendant's car. The two automobiles came to a stop about the center of the intersection with the right rear of the plaintiff's car against the defendant's front bumper. The plaintiff could not see the defendant's car because of shrubbery, etc.

The defendant says he drove up South Eighth Street to the stop sign and stopped and looked both ways; that, "he then drove on down to the intersection and stopped again and while he was stopped he saw the Perry car still going West on Shelby Ave., about forty feet behind the bus which had stopped over next to the North curb of Shelby Avenue some eight to ten feet East of South, 8th Street. *He then* put his car into gear and *drove on into the intersection* and when he got to a point about two-thirds of the way between the North curb of Shelby Ave., and the center line of the street he looked to his left and saw Perry coming and was not going to stop, about the time Perry began turning his car to the left," and that "*he was traveling awfully fast.*" "That Perry sideswiped his car while he was standing absolutely still and if Perry had not been running so fast he could have *gotten by without* Perry hitting him." "That *he knew Perry's car was forty feet back of the bus and was proceeding West on Shelby Avenue as he pulled out into the intersection, but he thought that Perry would stop.*" (Emphasis ours.)

Of course we must conclude that the plaintiff was negligent in driving his car "awfully fast" but it seems to us that the only proper conclusion is that the negligence of the defendant caused the accident in that he saw Perry and the way he, Perry, was driving and still seeing this

the defendant drove his car into the path of the Perry car, thinking "that Perry would stop." It seems to us that this in and of itself is the negligent act that caused the damage sued for.

It is generally conceded that the driver on the main or arterial highway has the right of way and that the driver on the crossing road has a primary duty of caution before entering this main road. *Claybrooks* v. *State*, 164 Tenn. 440, 51 S. W. (2d) 499. See also Annotations 58 A. L. R. 1199; 81 A. L. R. 185.

"A driver on a highway intersecting a favored thoroughfare, who has stopped as required, does not acquire a right of way immediately after stopping as against all vehicles on the favored thoroughfare which have not yet reached the intersection. It is the duty to yield not only to vehicles within the intersection, but also to approaching vehicles in such proximity thereto as to constitute an apparent and immediate hazard." Blashfield's Cyc. of Automobile Law & Practice, Vol. 2, Section 1001, Annotation 1948 Pocket Part.

A motion "to dismiss this suit" is made here, as was made in the Court of Appeals, because "No valid appeal bond was executed by appellant."

The appellant in the Court of Appeals and petitioner here, Perry, perfected his appeal by filing the prescribed pauper's oath in lieu of an appeal bond, in compliance with the judgment of the trial court. No question of his right to so appeal was raised in the trial court.

The General Sessions Warrant upon which this action is based sues H. L. Carter "in a Civil action brought by Lewis B. Perry, *individually* and for the use and benefit of Niagla Fire Insurance Company, . . ." There is no mention anywhere else in the entire record of the in-

surance company. The trial proceeded as if the two parties were suing each other as they did. When we consider the above quoted language it is perfectly evident that Perry is suing ''individually'' at least to some extent. He is at least ''individually'' enough interested in the suit so that if judgment were rendered against him a judgment for costs could be taxed to him ''individually''. There is nothing in this record that would or could warrant a judgment against the insurance company. We fully realize that only residents of this State may prosecute a suit or an appeal upon the pauper's oath. Code, section 9080; *Railway Co.* v. *Thompson*, 109 Tenn. 343, 71 S. W. 820. This is not the question here because Perry is a resident of Davidson County, Tennessee, insofar as this record discloses. The appeal here is for and by him.

As heretofore said this question was not raised in the lower court. ''The power to inquire into the truthfulness of the pauper's oath unquestionably belongs to the trial court and it must be invoked therein or the appeal will be treated as having been regularly taken.'' *Dunn* v. *Moore*, 22 Tenn. App. 412, 123 S. W. (2d) 1095, 1097. This case and statement was approved by this Court in *Locke* v. *Smith Funeral Serv., Inc.*, 180 Tenn. 18, 21, 171 S. W. (2d) 272. For the above reasons the motion must be denied.

For the reasons expressed in this opinion the judgment of the Court of Appeals must be reversed and a judgment for $171.82 will be entered here for Perry against Carter —the parties having agreed that this is the amount of damage to the Perry automobile.