JAMES FREDRICK JONES, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.

453 S.W.2d 433.

Court of Criminal Appeals of Tennessee. Jan. 7, 1970.

Certiorari Denied by Supreme Court April 6, 1970.

Robert F. Hedgepath, Nashville, for plaintiff in error.

George F. McCanless, Atty. Gen., Paul E. Jennings, Asst. Atty. Gen., Nashville, Harry Templeton, Dist. Atty. Gen., Winchester, for defendant in error.

## OPINION

OLIVER, Judge.

James Fredrick Jones, the petitioner below, now indigent and represented here by court-appointed counsel, an inmate of the State Penitentiary where he is serving an indeterminate three to five-year grand larceny sentence for automobile theft adjudged by the Circuit Court of Marion County on February 21, 1968, appeals to this Court from the judgment of that court dismissing his habeas corpus petition field under the Post-Conviction Procedure Act (T.C.A. §§ 40-3801—40-3824) without an evidentiary hearing or appointment of counsel.

■ ■ This petition was filed on August 23, 1968. An earlier petition filed on June 3, 1968, was dismissed by the trial court and that judgment was affirmed by this Court in an opinion filed December 22, 1969, 452 S.W.2d 361. When that petition was filed, no appeal had been perfected by the petitioner from his original conviction, as shown in this Court's opinion just referred to. However, when the instant petition was filed the petitioner's appeal of his original conviction was and is now pending in this Court. The settled law of this State is that a petition for the writ of habeas corpus may not be used to review or correct errors of law or fact committed by the court in the exercise of its jurisdiction, and the writ cannot be used as a substitute for or to serve the purpose of appeal or writ of error. State ex rel. Dawson v. Bomar, 209 Tenn. 567, 354 S.W.2d 763, cert. den. 370 U.S. 962, 82 S.Ct. 1620, 8 L.Ed.2d 829; State ex rel. Potter v. Bomar, 209 Tenn. 577, 354 S.W.2d 767; State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887; State ex rel. Smith v. Bomar, 212 Tenn.

149, 368 S.W.2d 748, cert. den. 376 U.S. 915, 84 S.Ct. 670, 11 L.Ed.2d 612; State ex rel. Ivey v. Meadows, 216 Tenn. 678, 393 S.W.2d 744. It follows, as a necessary corollary to that rule of law, that a habeas corpus petition, or a petition under the Post-Conviction Procedure Act, complaining of the original conviction and sentence, may not be maintained while a direct appeal of the same conviction and sentence is being prosecuted. Both remedies may not be pursued simultaneously. In 39 C.J.S. Habeas Corpus § 15, p. 449, the rule is stated: "Questions which may or should be decided at the trial or reviewed upon appeal or error have no place in a habeas corpus proceeding, at least within the period of possibility of an appeal, or where an appeal is pending." Again, the Oklahoma Court of Criminal Appeals said in Kessinger v. Page, 407 P.2d 1005: "When an appeal from a judgment and sentence is pending in the Court of Criminal Appeals, the Court will refuse to entertain an application for writ of habeas corpus." Also, the 8th Circuit Court of Appeals held in Masters v. Eide, 353 F. 2d 517, that resort cannot ordinarily be had to a post-conviction relief statute or habeas corpus while appeal from the conviction is pending.

The rule is thus stated in 39 Am.Jur.2d., Habeas Corpus, § 107, p. 255:

"It is generally held that whenever a court has acquired jurisdiction of a case, no other court may, on habeas corpus, interfere with its action in matters concerning which it has acquired jurisdiction. For example, if an appellate court has acquired jurisdiction by virtue of an appeal from a judgment of conviction, no other court may discharge the defendant

during the pendency of the appeal. That is to say, a court has no power to grant a writ of habeas corpus pending an appeal to another court from a conviction in a criminal prosecution."

The judgment of the trial court is affirmed.

This case was heard and submitted to the Court prior to enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

WALKER, P. J., and GALBREATH, J., concur.