James D. CARTER, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 4, 1990.

Permission to Appeal Denied by Supreme Court Jan. 7, 1991.

Ronald P. Smith, Knoxville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, James W. Milam, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

PEAY, Judge.

The defendant, James D. Carter, appeals from the summary dismissal of his second post-conviction relief petition by the Criminal Court for Greene County. The Honorable Ben K. Wexler denied relief on the basis that all grounds alleged had been previously litigated. We affirm the denial although under a different rationale.

In November of 1984 the defendant was convicted of murder in the first degree for the death of C.A. Lile. For this offense he was sentenced to death by electrocution. He then brought a direct appeal before the Tennessee Supreme Court which affirmed both the verdict and sentence. *State v. Carter*, 714 S.W.2d 241 (Tenn.1986), *cert. denied*, 479 U.S. 1046, 107 S.Ct. 910, 93 L.Ed.2d 860 (1987).

In March of 1987 he filed his first post-conviction petition and was appointed counsel to aid him in the matter. At the conclusion of proof in his August of 1988 hearing, counsel for the defense requested thirty days to take depositions and submit final proof. When no supplementation was made by January of 1989, the trial judge denied relief. The defendant's brief appealing this denial was filed on May 10, 1989, and this Court affirmed the denial on September 14, 1989. *Carter v. State* No. 304, 1989 WL 105689 (Tenn.Crim.App. Sept.

14, 1989), *permission to appeal denied* Jan. 2, 1990.

While his first post-conviction action was pending before this Court, the defendant delivered his second post-conviction petition to be filed by the prison authorities on June 29, 1989. In actuality this petition was not filed until July 5, 1989. Petitioner was again denied relief on September 22, 1989.

The issue raised by this appeal is whether the trial court erred by summarily dismissing the defendant's second petition for post-conviction relief. We hold that it did not, finding the trial court's lack of jurisdiction determinative.

The defendant filed his second post-conviction petition before a decision on the first was rendered by this Court. While no precedent which is exactly on point exists in Tennessee, we agree with the State's contention that the situation presented is analogous to that arising in *Hunter v. State*, 1 Tenn.Cr.App. 392, 443 S.W.2d 532 (1969). *Hunter* involved two defendants' bringing of a post-conviction petition while their direct appeal was pending before the Supreme Court. In affirming the trial court's dismissal of the post-conviction petition, this Court held that "... a petition under the Post–Conviction Procedure Act, complaining of the original conviction and sentence, may not be maintained while a direct appeal of the same conviction is being prosecuted. Both remedies may not be pursued simultaneously." *Hunter*, 443 S.W.2d 532. *Accord; Jones v. State*, 2 Tenn.Cr.App. 284, 453 S.W.2d 433, 434 (1970); *Crain v. State*, 2 Tenn.Cr.App. 67, 451 S.W.2d 695, 696 (1969).

In response, the defendant argues that this case more closely resembles that found in *Monts v. State*, 2 Tenn.Cr.App. 586, 455 S.W.2d 627 (1970), where this Court held "that the fact that the petitioner did have pending on appeal in the United States Court of Appeals a petition on a writ of habeas corpus did not deny jurisdiction to the trial court to consider this petition." *Monts*, 455 S.W.2d 627, 629. While a federal habeas corpus action is quite similar to a post-conviction relief action in Tennessee, the two take place before separate sover-

eigns. Obviously the actions involved in this case have all been brought before Tennessee state courts.

But for the time constraint imposed by the statute of limitations, it appears unlikely that the defendant would have attempted to bring another post-conviction proceeding before the termination of his second post-conviction. Although successive post-conviction actions are possible under specific circumstances,[1] the court handling the appeal of the first post-conviction petition should have the opportunity to render a decision on the matter before the process begins again at the trial court level. To do otherwise promotes inefficient use of our state's limited judicial resources. Also, to allow the filing of a subsequent post-conviction petition while a previous petition is pending before the appellate court would be opening the door for one court to interfere with the jurisdiction of another. By imposing a statute of limitations, the state legislature curtailed the time period during which a defendant may seek relief through the state courts;[2] however, it was surely not their intent to encourage this multiplicity of simultaneous actions.

The judgment of the trial court is hereby affirmed.

SCOTT and NEWKIRK, JJ., concur.

1. *Swanson v. State,* 749 S.W.2d 731, 735 (Tenn. 1988) makes it clear that: The simple fact that the petitioner has had one bite at the post-conviction apple does not *ipso facto* preclude another bite when the petitioner can show that no knowing and understanding waiver of a ground for relief was made, or that the claim was not previously determined, or that it was unavailable at the time of any prior proceeding.

2. As the defendant has brought his direct appeal and any further post-conviction actions in Tennessee would now be barred by Tenn.Code Ann. § 40–30–102, the defendant seems to have exhausted his state remedies.