**Thomas Gerald LANEY, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Feb. 18, 1992.

Nicholas D. Bunstine, Knoxville, for appellant.

James W. Milam, Asst. Atty. Gen., Charles W. Burson, Atty. Gen. & Reporter, Nashville, for appellee.

OPINION

REID, Chief Justice.

This case presents an appeal from the judgment of the Court of Criminal Appeals affirming the dismissal of a petition for post-conviction relief by the trial court on the ground that when the petition in this case was heard a previously filed petition for post-conviction relief was pending in the Court of Criminal Appeals.

A majority of the Court of Criminal Appeals found that the trial court "had no jurisdiction to consider" the petition. Judge Joe B. Jones, dissenting, argued that the trial court erred in dismissing the petition. The well-reasoned dissent by Judge Jones resolves the issue, which this Court has not considered previously, in conformity with the provisions and purpose of the Post-conviction Procedure Act. That portion of Judge Jones' opinion relating to this issue is adopted as the opinion of the Court. The adopted portion, footnotes omitted, reads as follows:

[T]he trial court had jurisdiction to hear and determine the post-conviction suit in question even though a previous suit for post-conviction relief was pending in [the Court of Criminal Appeals] when it was filed.

The Post–Conviction Procedure Act [T.C.A. §§ 40–30–101 to –124] provides that a suit for post-conviction relief shall be filed "with the clerk of the court where the conviction occurred." [T.C.A. § 40–30–103(a).] Since the appellant was convicted of murder in the first degree and sentenced to death in the Criminal Court of Sullivan County, the trial court had exclusive jurisdiction to hear and determine this suit. Moreover, since one of the grounds raised was the denial of the constitutional right to the effective assistance of counsel, the Honorable Edgar P. Calhoun, who presided at the appellant's trial and is presently serving as judge of the Criminal Court of Sullivan County, was required to hear and determine this suit. [T.C.A. § 40–30–103(b)(1).] In summary, the trial court clearly had jurisdiction to hear and deter-

mine the merits of the grounds raised by the appellant.

The judgment of the trial court is predicated upon a false premise. The judgment recites:

This court has no jurisdiction in this case.

The issue of the validity of the original judgment is before the Criminal Court of Appeals. After appeal and transfer of a case to the appellate court, the trial court loses all jurisdiction to act in the case. *Davis v. Jones*, 40 Tenn. [3 Head] 603 (1859); *Suggs v. Suggs' Executors*, 1 Tenn. [1 Overton] 2 (1794); *Locke v. Smith Funeral Service Corp.*, [180 Tenn. 18] 171 S.W.2d 272 (1942). Obviously, lacking jurisdiction, this Court cannot treat the latest petition as an amendment to the earlier petitions. See also *Holt v. State*, 489 S.W.2d 845 (Tenn.Crim.App.1972), cert. denied, 1973.

No principle of law in this country permits the maintaining of multiple suits at the same time when each is seeking the same relief. This is elementary, and the State correctly cites specific authority. See *Crain v. State*, [2 Tenn.Crim.App. 67,] 451 S.W.2d 695 (1969); *Jones v. State*, [2 Tenn.Crim. App. 284,] 453 S.W.2d 433 (1970).

The fallacy in the trial court's reasoning is that the suit which was pending in this Court and the present suit were separate and distinct suits. The two suits were filed under different docket numbers, and the grounds alleged in the two suits were not identical. In other words, neither the judgment of the trial court nor the appeal in the second suit bar, as a matter of law, the filing of a subsequent suit attacking the same identical judgment. [*See Swanson v. State*, 749 S.W.2d 731 (Tenn.1988).] The doctrine of *res judicata* does not apply to suits brought pursuant to the Post–Conviction Procedure Act.

The facts in this case are clearly distinguishable from the facts in [*Hunter v. State*, [1 Tenn.Cr.App. 392], 443 S.W.2d 532 (Tenn.Crim.App.1969)], *Crain v. State*, 451 S.W.2d at 695] and *Jones v. State*, 453 S.W.2d at 433], which my colleagues cite to support their position. Also, the 1986 amendment to Tenn.Code Ann. [§ 40–30–102] requires a different result than this Court reached in *Hunter*, *Crain* and *Jones*. Had the statute of limitations been applicable when this, the petitioner's third suit for post-conviction relief was filed, the suit would have been time barred.

When *Hunter*, *Crain* and *Jones* were decided, the Post–Conviction Procedure Act provided that a person could institute a suit for post-conviction relief "at any time *after* he has exhausted his appellate remedies or his time for appeal in the nature of a writ of error has passed and before the sentence has expired or has been fully satisfied." [Tenn.Acts (1967), Ch. 310, § 1, now codified as T.C.A. § 40–30–102.] [Emphasis added]. The reason for this provision is obvious. If the appellate court reversed the petitioner's conviction on direct appeal, the post-conviction suit would be moot. Also, it would be a waste of the State's resources to permit simultaneous review of the constitutional issues in two different forums. Of course, it is axiomatic that the Post–Conviction Procedure Act may not be invoked as a substitute for an appeal or review of trial errors. [*See State v. Miller*, 668 S.W.2d 281, 285 (Tenn.1984).] In short, the suits for post-conviction relief in *Hunter*, *Crain* and *Jones* were clearly premature.

The provisions of the Post–Conviction Procedure Act do not, as a matter of law, bar multiple suits attacking the same conviction. [*See Swanson v. State*, 749 S.W.2d at 733–35.] In the recent case of [*Swanson*] our Supreme Court said:

... [T]he Act ... does not necessarily contemplate that one and only one post-conviction petition will be allowed to any one petitioner in every case. The terms of the statute itself permit more than one petition when justified. Like any legislation, the Act is to be construed in *pari materia* to achieve its intended purposes. T.C.A. § 40–30–105 expressly permits relief when the grounds were not recognized at the time of the conviction and have been

applied retroactively. This provision necessarily allows more than one petition to be filed in some cases.

\* \* \* \* \* \*

The simple fact that a petitioner has had one bite at the post-conviction apple does not *ipso facto* preclude another bite when the petitioner can show that no knowing and understanding waiver of a ground for relief was made, or that the claim was not previously determined, or that it was unavailable at the time of any prior proceeding.

[749 S.W.2d at 733–35.]

The rule fashioned by my colleagues brings meaning to the time tested adage that bad facts make bad law. Their effort to eradicate what appears to be an abuse of the post-conviction relief remedy has resulted in a rule that may bar a deserving petitioner from obtaining relief. An example best illustrates this point.

A new constitutional right has been created, which requires retroactive application. This right renders the petitioner's death sentence constitutionally void. The statute of limitations is about to expire. Furthermore, the appeal of a prior post-conviction suit is pending in this Court. Query: how will the petitioner be able to assert this right timely if the rule fashioned by my colleagues becomes law? It is certain that he cannot raise this new issue in the suit pending in this Court since our jurisdiction is limited to appellate matters. The assertion of this right will necessitate an evidentiary hearing. It is also certain that if the petitioner is required to wait until his appeal has been resolved, the statute of limitations will prevent the assertion of this new right in a subsequent suit. In summary, the petitioner would [be executed] even though his death sentence was constitutionally infirm if the rule fashioned by my colleagues becomes law. Such a result would be repugnant to the provisions of the Act and frustrate one of its purposes.

In *Carter v. State*, 802 S.W.2d 223 (Tenn. Crim.App.1990), the Court of Criminal Appeals affirmed the summary dismissal of a second post-conviction petition while the first petition was pending on the grounds that the court "lack[ed] jurisdiction." 802 S.W.2d at 224. The opinion shows that both petitions were filed in the same court, but it does not disclose the grounds asserted in either petition, only that "all grounds alleged [in the second petition] had been previously litigated." Under those circumstances the dismissal was appropriate, though not for the reasons stated in the opinion.

The judgment of the Court of Criminal Appeals is reversed, and the case is remanded to the trial court.

DROWOTA, O'BRIEN, DAUGHTREY, and ANDERSON, JJ., concur.