IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER 1998 SESSION

FILED

October 28, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| GARY L. GREEN, | * | # 01C01-9709-CR-00395 |
| Appellant, | * | DAVIDSON COUNTY |
| VS. | * | Hon. Thomas H. Shriver, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |
| | * | |

For Appellant:                          For Appellee:

Gary L. Green, Pro Se                    John Knox Walkup
# 149575                                 Attorney General & Reporter
CCA/SCCC
P.O. Box 279                             Elizabeth B. Marney
Clifton, TN  38425                       Assistant Attorney General
                                         425 Fifth Avenue North
                                         Nashville, TN  37243-0493

                                         Mary Hausman
                                         Assistant District Attorney General
                                         Washington Square
                                         Suite 500
                                         222 Second Avenue, North
                                         Nashville, TN  37201-1649

OPINION FILED: _____


AFFIRMED


GARY R. WADE, PRESIDING JUDGE

## OPINION

On August 15, 1996, the petitioner, Gary L. Green, was convicted of especially aggravated kidnapping. He received a Range II, thirty-year sentence. State v. Gary L. Green, No. 01C01-9706-CR-00207, slip op. at 2 (Tenn. Crim. App., at Nashville, Apr. 9, 1998), application to appeal filed, (May 27, 1998). On July 18, 1997, he filed this petition for post-conviction relief claiming the indictment was defective and that his counsel was ineffective. Several days later, the trial court entered an order dismissing the petition for failure to state a claim for relief.

On appeal, the petitioner contends the trial court erred by dismissing his petition without the appointment of counsel, the opportunity to amend, or an evidentiary hearing. For grounds other than those stated by the trial court, we affirm the dismissal.

The petitioner's case was on direct appeal when this petition for post-conviction relief was filed. On April 9, 1998, this court affirmed the especially aggravated kidnapping conviction and on May 27, 1998, the petitioner filed a pro se Rule 11 application for permission to appeal to the supreme court. Id. The Rule 11 application is still pending.

A petition for post-conviction relief may not be maintained while a direct appeal of the same conviction is pending. Jones v. State, 453 S.W.2d 433 (Tenn. Crim. App. 1970). The new Post-Conviction Procedure Act provides that a petition may be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." Tenn. Code Ann. § 40-30-202(a). On the date this petition was dismissed, this court had not ruled on the petitioner's direct appeal. Thus, the petition was filed prematurely.

2

In <u>Jones</u>, our court explained the rationale for not allowing consideration of a petition for post-conviction relief while the direct appeal is pending:

> It is generally held that whenever a court has acquired jurisdiction of a case, no other court may ... interfere with its action in matters concerning which it has acquired jurisdiction. For example, if an appellate court has acquired jurisdiction by virtue of an appeal from a judgment of conviction, no other court may discharge the defendant during the pendency of the appeal. That is to say, a court has no power to grant [relief] pending an appeal to another court from a conviction in a criminal prosecution.

453 S.W.2d at 434 (quoting 39 Am.Jur.2d., Habeas Corpus, § 107).

This court has applied the rationale of <u>Jones</u> to petitions filed after the passage of the new Act. <u>David McClain v. State</u>, No. 02C01-9608-CR-00308, slip op. at 2 (Tenn. Crim. App., at Jackson, Nov. 6, 1997). Because the petition was filed prematurely, the dismissal is without prejudice. The petitioner shall have one year from the final action of our state supreme court within which to file a petition for post-conviction relief. <u>See id.</u>

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Thomas T. Woodall, Judge


_____
Curwood Witt, Judge

3