IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 19, 2001

## STATE OF TENNESSEE v. RITA DAVIS

**Direct Appeal from the Circuit Court for Marshall County
Nos. 13809; 14296     Charles Lee, Judge**

---

**No. M2000-03227-CCA-R3-CD - Filed November 9, 2001**

---

The Appellant, Rita Davis, pled guilty to one count of failure to appear, a class E felony, and was sentenced as a career offender to six years confinement. No direct appeal of her sentence was taken. Davis then filed a petition for post-conviction relief, requesting (1) a delayed direct appeal of her sentence; and (2) that her conviction be vacated upon grounds: (a) that her guilty plea was involuntarily entered based upon ineffective assistance of counsel; and (b) that her conviction was obtained in violation of "constitutional due process rights."[1]

After review, we find that the post-conviction court's consolidation of issue (1), granting the direct appeal of her sentence, and issue (2), the collateral review of Davis' challenge to her conviction through post-conviction process, conflicts with our previous holding in Gibson v. State, 7 S.W.3d 47 (Tenn. Crim. App. 1998). Thus, consistent with Gibson, we reverse and remand issue (2) with instructions that Davis' collateral attack of her conviction be dismissed without prejudice. With respect to issue (1), we grant review of Davis' six-year sentence. After review, we find this issue is without merit and affirm her sentence as imposed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Reversed and Remanded in Part and Affirmed in Part.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

John H. Dickey, Fayetteville, Tennessee, for the Appellant, Rita Davis.

---

[1] Davis frames this issue as follows:

Whether the Defendant's constitutional due process rights were violated when she was arrested on a warrant for contempt of court following her failure to appear as a witness in Lewisburg City Court, thereby rendering her ensuing arrest for contempt of court and possession with intent to distribute invalid, and her subsequent conviction for Possession of Schedule II for Resale and guilty plea for Failure to Appear fruits of the poisonous tree.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On December 3, 1998, Tennessee Highway Patrol Officer, Jimmy Pitts, stopped the Appellant's vehicle for the purpose of serving an outstanding arrest warrant which had been issued for the Appellant. The Appellant, who was a passenger in her vehicle, was placed under arrest.[2] At the time of the stop, the Appellant was seated on the front passenger side of the automobile and the Appellant's sister was driving the vehicle. After removing the Appellant's purse from the vehicle, officers found fifteen individually wrapped packages of crack cocaine inside her purse. As a result of this seizure, the Appellant was subsequently indicted and later convicted by a jury of felony drug possession with the intent to sell.

On February 1, 1999, the Appellant failed to appear in the Lewisburg City Court for the preliminary hearing on her drug charge. As a result, the Appellant was indicted for failure to appear, a class E felony. On August 9, 1999, following her jury conviction for class B felony possession, the Appellant pled guilty to the failure to appear charge. On August 18, 1999, the trial court sentenced the Appellant to twenty-five years for her conviction for felony drug possession and to six years for failure to appear.[3]

### I. Post-Conviction Petition

After finding that the Appellant was denied first-tier review of her sentence, the post-conviction court granted the Appellant's request for a delayed appeal and, after review, denied all other requests for post-conviction relief. On appeal, the Appellant contends, by way of a direct appeal, that her six-year sentence was excessive and contends, by way of post-conviction process, that her conviction is void.

The minimum requirements to assure that an Appellant's due process rights are protected on appeal are defined in Rule 14, Tenn. Sup. Ct. R. *See* State v. Brown, 653 S.W.2d 765, 766-67 (Tenn. Crim. App. 1983). In Gibson v. State, 7 S.W.3d 47, 50 (Tenn. Crim. App. 1998), this court set forth

---

[2] The Appellant had previously taken out a warrant against her boyfriend, Adrian Hill, for an assault. On November 30, 1998, the Appellant failed to appear in the Lewisburg City Court to testify against Hill. The Appellant's failure to appear resulted in a warrant being issued for her arrest for contempt of court for failure to appear as the affiant.

[3] Appellant appealed her conviction and sentence received on the felony possession charge. This court affirmed both the conviction and sentence. *See* State v. Rita Davis, No. M 1999-01281-CCA-R3-CD (Tenn. Crim. App. at Nashville, Sept. 22, 2000), *perm. to app. denied,* (Tenn. March 12, 2001).

the procedure to be followed by the post-conviction court when granting a delayed appeal that has been consolidated with a collateral attack of the conviction, where an appellant, through no fault of his or her own, has been denied the opportunity to timely perfect an appeal:

> [T]he better procedure is for the trial court to grant the delayed appeal, when warranted, and dismiss the collateral attack upon the conviction without prejudice. We are cognizant of the statutory provision which contemplates the filing of only one petition for post-conviction relief from a single judgment. Tenn. Code Ann. § 40-30-202(c). This statute provides that if a petition has been resolved on its merits, a subsequent petition must be summarily dismissed. Tenn. Code Ann. §§ 40-30-202(c); 40-30-206(b). Conversely, we interpret this to mean that those petitions not resolved "on their merits" are not subject to dismissal. Id. This procedure would allow the appellant to pursue his post-conviction relief after review from the supreme court.

Gibson, 7 S.W.3d at 50; *see also* State v. Abebreellis Zandus Bond, No. W1999-02593-CCA-R3-CD (Tenn. Crim. App. at Jackson, Feb. 21, 2001); Johnny Bernard Jones v. State, W2000-01241-CCA-R3-PC (Tenn. Crim. App. at Jackson, Nov. 9, 2000); Jay A. Cameron v. State, No. M1998-00005-CCA-R3-CD (Tenn. Crim. App. at Nashville, Aug. 18, 2000), *perm. to appeal denied*, (Tenn. Feb. 20, 2001). A petition for post-conviction relief, complaining of the original conviction and sentence, may not be maintained while a direct appeal of the same conviction and sentence is being prosecuted. Gibson, 7 S.W.3d at 49; Laney v. State, 826 S.W.2d 117, 118 (Tenn. 1992). To do otherwise would permit two appeals to be entertained at the same time.

Thus, in the present case, the proper procedure would have been for the post-conviction court to grant the delayed appeal on the sentencing issue and dismiss the remaining issues without prejudice. Because a post-conviction petition may not be filed until the final judgment of the highest court has been entered, *see* Tenn. Code Ann. § 40-30-202, the instant petition for post-conviction relief was prematurely filed and should have been dismissed accordingly. By not dismissing the remaining issues raised in the Appellant's petition for post-conviction relief, the post-conviction court has, in effect, waived the Appellant's right to later seek review of any appellate counsel errors contained in the direct appeal.[4] *See also* State v. Bond, No. W1999-02593-CCA-R3-CD (Tenn. Crim. App. at Jackson, Feb. 21, 2001).[5]

Accordingly, we remand issue (2) and any additional issues contained therein to the Circuit Court of Marshall County for dismissal of this issue without prejudice. In conformity with Gibson, the Appellant may refile her petition for post-conviction relief alleging these and other cognizable

---

[4] Tennessee Code Annotated § 40-30-202(c) provides: "In no event may more than one (1) petition for post-conviction relief be filed attacking a final judgment."

[5] We would acknowledge that the holding in Gibson applies only to a Tenn. R. App. P. 3 delayed appeal. Tennessee Supreme Court Rule 28 § 9(D), as amended on May 8, 2001, sets forth the proper procedure to be followed when granting a Tenn. R. App. P. 11 delayed appeal.

claims, "[W]ithin one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . ." Tenn. Code Ann. § 40-30-202(a). With respect to the Appellant's delayed appeal (issue (1)), we elect to address this issue on its merits.

## II. Delayed Appeal

The trial court sentenced the Appellant, as a Range III career offender, to six years confinement at sixty percent for failure to appear, a class E felony. The Appellant argues that the six-year sentence imposed by the trial court was "excessive" and not the least severe measure necessary to achieve the purpose for which the sentence was intended. The Appellant does not, however, contest her classification as a Range III, career offender.

A "defendant who is found by the court beyond a reasonable doubt to be a career offender shall receive the maximum sentence within the applicable Range III." Tenn. Code Ann. § 40-35-108(c).[6] Accordingly, a defendant sentenced as a career offender must receive the maximum sentence within Range III pursuant to the provisions of subsection (c). Tenn. Code Ann. § 40-35-108, Sentencing Commission Comments.[7] The maximum sentence and parole eligibility for persons having this type of extensive criminal record is in keeping with the sentencing purposes set forth in § 40-35-102. Tenn. Code Ann. § 40-35-108, Sentencing Commission Comments.

In cases such as the one before us, a trial court has no discretion with respect to the length of the sentence and must impose the maximum sentence pursuant to Tenn. Code Ann. § 40-35-108. This issue is without merit.

## CONCLUSION

After review, we find that the post-conviction court's consolidation of the Appellant's direct and post-conviction appeal conflicts with our previous holding in Gibson. Thus, we reverse the post-conviction court's ruling on issue two (2) and remand to the Marshall County Circuit Court for further proceedings in conformity with Gibson.

---

[6]Tennessee Code Annotated § 40-35-108(a)(3) defines a career offender as a person who has received at least six prior felony convictions of any classification if the defendant's conviction offense is a class D or E felony.

[7]The record reflects that the following colloquy occurred at the Appellant's guilty plea hearing:

Prosecutor: We are alleging that she is a career offender in [this] case.
Trial Court: Do you understand that your sentence in this matter would be six years if you are found to be a career offender?
Appellant: Yes, sir.

With respect to the Appellant's direct appeal, we find that the maximum six-year sentence imposed by the trial court was statutorily required and not excessive pursuant to Tenn. Code Ann. § 40-35-108(c). Accordingly, the six-year sentence imposed by the trial court is affirmed.

_____

DAVID G. HAYES, JUDGE