IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 12, 2005

## STATE OF TENNESSEE v. LAWRENCE RALPH, SR.

**Direct Appeal from the Circuit Court for Warren County**
**No. F-8552     Larry B. Stanley, Jr., Judge**

_____

**No. M2004-02293-CCA-R3-CD - Filed August 25, 2005**

_____

Following a jury trial, Defendant, Lawrence Ralph, Sr., was convicted of failure to display a driver's license, a Class C misdemeanor; resisting arrest, a Class B misdemeanor; and simple possession of a Schedule III controlled substance, a Class A misdemeanor. The trial court sentenced Defendant to concurrent terms of thirty days for his failure to display a driver's license conviction, six months for his resisting arrest conviction, and eleven months, twenty-nine days for his simple possession conviction, for an effective sentence of eleven months and twenty-nine days. The trial court suspended all but 120 days of Defendant's effective sentence, and placed Defendant on probation. Defendant does not challenge the sufficiency of the evidence supporting his conviction for simple possession. On appeal, Defendant argues that: (1) the trial court erred in denying his motion to suppress; (2) the evidence was insufficient to support his convictions for resisting arrest and failure to display a driver's license; and (3) the trial court erred in determining the percentage of Defendant's effective sentence which must be served in confinement. After a review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT E. WEDEMEYER, JJ., joined.

Dan T. Bryant, District Public Defender; and L. Scott Grissom, Assistant Public Defender, McMinnville, Tennessee, (on appeal); Russell L. Leonard, Winchester, Tennessee, (at trial), for the appellant, Lawrence Ralph, Sr.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; and Clement Dale Potter, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

On February 9, 2001, Officer Mike Vann with the McMinnville Police Department initiated a traffic stop of Defendant's truck because the vehicle had a faulty muffler. Officer Vann approached the vehicle and asked Defendant for his driver's license. Defendant held up his wallet which contained his driver's license in a clear plastic pocket. Officer Vann asked Defendant to remove his driver's license, and Defendant refused. He told Officer Vann that the last time he had handed a police officer his driver's license, he had lost his license for thirty years.

Officer Vann said that it was the police department's policy to request a driver to remove his or her driver's license from a wallet or purse so that the officer can note any restrictions or other information on the back of the license, and to avoid any accusations that the officer had stolen the driver's wallet or purse.

When Defendant refused to remove his license from his wallet, Officer Vann asked Defendant to step out of his vehicle. Defendant asked if he was under arrest, and Officer Vann told him he was not. Defendant said that he would not exit his vehicle unless he was under arrest. Officer Vann called his supervisor for back up. When Officer Vann's supervisor arrived, Officer Vann opened the door of Defendant's truck. Defendant refused to get out, and Officer Vann told him he was under arrest. Defendant leaned away from Officer Vann toward the passenger side door. Officer Vann testified that he was afraid Defendant was reaching for a weapon. He pulled Defendant up, and Defendant grabbed onto the steering wheel and refused to let go. Defendant was forcibly removed from his truck and handcuffed. Officer Vann searched the truck and found two unmarked prescription bottles containing sixty pills of what was later determined to be hydrocodone, a Schedule III controlled substance.

The defense called Cindy Crutchfield, a pharmacist with Fred's Pharmacy. Ms. Crutchfield testified that Defendant had last filled a prescription for twenty pills of hydrocodone on August 30, 2000. Ms. Crutchfield said that one of the prescription bottles found in Defendant's truck was similar to the containers used by Fred's Pharmacy, but the other bottle had a different type of cap than what the store normally used.

Chad Ralph, Defendant's son, was a passenger in Defendant's vehicle when Defendant was arrested. Mr. Ralph testified that Defendant had been prescribed hydrocodone for back pain. Mr. Ralph said that his father was not usually belligerent with police officers, and that he and Defendant were in a hurry to get home so that Mr. Ralph could take his daughter to the doctor's office.

## I. Procedural Issues

We note initially that Defendant filed a *pro se* petition for post-conviction relief on April 23, 2004 after the trial court denied Defendant's motion for new trial but before his counsel of record filed a notice of appeal. Defendant filed a *pro se* affidavit on March 28, 2005 with this Court which

we treat as a motion asking that his appeal be dismissed and requesting a hearing on his *pro se* petition for post-conviction relief.

It has long been the rule that a defendant may not be represented by counsel and simultaneously proceed *pro se*. *State v. Davis*, 141 S.W.3d 600, 615-16 n. 12 (Tenn. 2004) (citing *Wallace v. State*, 121 S.W.3d 652, 5655 n. 2 (Tenn. 2003); *State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976). Furthermore, our Supreme Court has previously explained that

> judicial economy dictates that only one appeal should be considered at one time; if a Rule 11 application is granted and this Court finds in favor of the appellant, the post-conviction petion would most likely be dismissed or continuously amended to reflect the ongoing litigation. Second, the issues raised in a post-conviction petition cannot be ripe for review if a Rule 11 application is pending a decision by this Court. And finally, the issues in the post-conviction petition would be rendered moot if this Court reversed the conviction and remanded for a new trial. *See, e.g.*, *Laney v. State*, 826 S.W.2d 117, 118 (Tenn. 1992); *Gibson v. State*, 7 S.W.3d 47, 49-50 (Tenn. Crim. App. 1998).

*Williams v. State*, 44 S.W.3d 464 (Tenn. 2001).

Accordingly, Defendant's motion to dismiss this appeal is denied.

## II.  Motion to Suppress

Defendant argues that the trial court erred in denying his motion to suppress the drugs discovered in his vehicle after his arrest.

Defendant does not challenge the validity of the initial stop of his vehicle for a faulty muffler. Defendant contends, however, that Officer Vann should have issued him a citation in lieu of a custodial arrest pursuant to Tennessee Code Annotated section 40-7-118(b)(1), and the resulting search of his vehicle was thus unconstitutional. It is Defendant's contention that he complied with the provisions of Tennessee Code Annotated section 55-50-351(a), regarding the display of a driver's license, and that his subsequent arrest was, therefore, unlawful.

At the suppression hearing, Defendant argued that showing Officer Vann the front of his driver's license without removing the license from his wallet satisfied the requirement under Section 55-50-351(a) that he "display" his driver's license.

Section 55-5-351(a) provides:

Every licensee shall have such licensee's operator's or chauffeur's license in immediate possession at all times when operating a motor vehicle and shall display

it upon demand of any officer or agent of the department or any police officer of the state, county or municipality.

A police officer may arrest a driver who fails to comply with the display requirement. *Id.*

At the conclusion of the suppression hearing, the trial court stated,

I think common sense does tell us that to display a license that you have to display the whole license. [Officer Vann] wasn't given access to the back of the license. [Defendant] just held it up. I don't think that that is proper displaying of a license. . . . I don't find that the request for the licence was complied with, and the arrest under [Section 55-30-351] was valid.

A trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise. *State v. Ross*, 49 S.W.3d 833, 839 (Tenn. 2001). On appeal, the prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable inferences drawn therefrom. *State v. Hicks*, 55 S.W.3d 515, 521 (Tenn. 2001). However, this Court is not bound by the trial court's conclusions of law. *State v. Simpson*, 968 S.W.2d 776, 779 (Tenn. 1998). We review *de novo* the application of the law to the trial court's findings. *State v. Daniel*, 12 S.W.3d 420, 423 (Tenn. 2000).

As a general rule, the stop of an automobile is constitutionally reasonable, under both the State and federal constitutions, if the police have probable cause or reasonable suspicion to believe that a traffic violation has occurred. *State v. Vinyard*, 958 S.W.2d 730, 734 (Tenn. 1997). During a valid investigatory stop, a police officer may verify a driver's identity and compliance with licensing requirements. *Delaware v. Prouse*, 440 U.S. 648, 654, 99 S. Ct. 1391, 1398, 59 L. Ed. 2d 660 (1979); *see also State v. McCulloch*, 906 S.W.2d 3, 5 (Tenn. Crim. App. 1995). The trial court found that a Tennessee driver's license sometimes contains information on the back of the license concerning the restrictions, if any, placed against the driver while operating a motor vehicle. The evidence does not preponderate against the trial court's finding that it is necessary to show a police officer both the front and the back of the driver's license in order to comply with the display requirements set forth in Tennessee Code Annotated section 55-50-351(a).

Defendant relies on Tennessee's "cite and release statute" to argue that Officer Vann should have issued him a citation for the faulty muffler and then released him. Tennessee Code Annotated section 40-7-118(b)(1) provides, in part, that:

[a] peace officer who has arrested a person for the commission of a misdemeanor committed in such peace officer's presence, . . . shall issue a citation to such arrested person to appear in court in lieu of the continued custody and the taking of the arrested person before a magistrate.

There are eight exceptions, however, to the "cite and release" statute that require an officer to effect a custodial arrest in lieu of issuing a citation. Tenn. Code Ann. §§ 40-7-118(c)(1) - (8). *See State v. Walker*, 12 S.W.3d 460, 464 (Tenn. 2000). As relevant here, a citation will not be issued if "the person arrested cannot or will not offer satisfactory evidence of identification." Tenn. Code Ann. § 40-7-118(c)(3). A driver's failure to display his or her driver's license to a police officer pursuant to Tennessee Code Annotated section 55-50-351(a) is a failure to "offer satisfactory evidence of identification." *Id*. Under these circumstances, the police officers were authorized to place Defendant under custodial arrest.

Although generally a warrantless search is considered presumptively unreasonable and constitutionally impermissible, police officers may execute a warrantless search incident to a lawful arrest. *Chimel v. California*, 395 U.S. 752, 762-63, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969). Defendant, in this case, was lawfully arrested for failure to display his driver's license as required in Tennessee Code Annotated § 55-50-351(a), and the drugs found in Defendant's vehicle were discovered during a lawful search incident to his arrest.

Based on our review, the trial court did not err in denying Defendant's motion to suppress the drugs found in his truck during a search incident to his arrest.

## III. Sufficiency of the Evidence

Defendant does not challenge the sufficiency of the evidence supporting his conviction of simple possession of a Schedule III controlled substance. Defendant argues, however, that the evidence was insufficient to support his convictions of failure to display a driver's license and resisting arrest.

When a defendant challenges the sufficiency of the convicting evidence, we must review the evidence in a light most favorable to the prosecution in determining whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S.307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991). The defendant has the burden of overcoming this presumption, and the State is entitled to the strongest legitimate view of the evidence along with all reasonable inferences which may be drawn from that evidence. *Id.; State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The jury is presumed to have resolved all conflicts and drawn any reasonable inferences in favor of the State. *State v. Sheffield,* 676 S.W.2d 542, 547 (Tenn. 1984). Questions concerning the credibility of witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

A.  Failure to Display

Defendant argues that the evidence does not support his conviction for failure to display his driver's license, and reiterates the arguments which he raised during the hearing on his motion to suppress.  That is, Defendant "displayed" his driver's license within the meaning of Tennessee Code Annotated section 55-50-351(a) when he held up his wallet for Officer Vann's inspection.

Section 55-50-351(a) provides that every driver shall have his or her license "in immediate possession at all times when operating a motor vehicle and shall display it upon demand of any officer."  Violation of this statutory section is a Class C misdemeanor.  Tenn. Code Ann. §§ 55-50-351(a) and (b).

The purpose of the display requirements is to allow a police officer conducting a traffic stop to verify the driver's identification and compliance with licensing requirements. *See Prouse*, 440 U.S. at 659, 99 S. Ct. at 1399.  The Department of Safety has the "authority to impose restrictions suitable to the licensee's driving ability with respect to the type of, or special, mechanical control devices required on a motor vehicle which the licensee may operate or such other restrictions applicable to the licensee as the department may determine to be appropriate to assure the safe operation of a motor vehicle by the licensee."  Tenn. Code Ann. § 55-50-325(d).  These special restrictions placed upon a driver are sometimes noted on the back of the driver's license.   "It is a Class A misdemeanor for any person to operate a motor vehicle in any manner in violation of the conditions imposed by a conditional license issued to such person."  *Id*. § 55-50-325(f).

Defendant refused to show Officer Vann the back of his driver's license or to allow him to closely inspect the front of the license.  A driver's refusal to show his driver's license to a police officer upon demand supports a conviction for violation of Tennessee Code Annotated section 55-50-351(a).  *See Levitt*, 73 S.W.3d at 177.  The proof was sufficient to support the conviction. Defendant is not entitled to relief on this issue.

B.  Resisting Arrest

Defendant was convicted of resisting arrest which is defined as follows:

It is an offense for a person to intentionally prevent or obstruct anyone known to the person to be a law enforcement officer . . . from effecting a stop, frisk, halt, arrest or search of any person, including the defendant, by using force against the law enforcement officer."

Tenn. Code Ann. § 39-16-602.  Defendant argues that he did not use any force against Officer Vann during their encounter, and the evidence therefore does not support his conviction of resisting arrest.

"'Force'" means compulsion by the use of physical power or violence and shall be broadly construed to accomplish the purposes of this title."  *Id*. § 39-11-106(12).  Officer Vann asked

-6-

Defendant to exit his vehicle when he refused to give Officer Vann his driver's license. Defendant refused, and Officer Vann called for backup. After Officer Vann's supervisor arrived, Officer Vann approached Defendant's vehicle and asked him again to get out of his truck. Defendant refused, and Officer Vann placed him under arrest. Defendant lunged over the front seat toward the passenger side of the truck. Officer Van thought Defendant was reaching for a weapon. Officer Vann raised Defendant up into a sitting position, and Defendant grabbed the steering wheel and refused to let go. Officer Vann had to forcibly pull Defendant from the car, and Defendant continued to struggle on the ground as the officers attempted to handcuff him. We conclude that the evidence was sufficient to support Defendant's conviction of resisting arrest. *See State v. Hershel David Standridge*, No. M2002-01699-CCA-R3-CD, 2003 WL 22243249, at *5 (Tenn. Crim. App., Nashville, Sept. 30, 2003), *perm. to appeal denied* (Tenn. 2004).

## IV. Denial of Full Probation

Defendant argues that the trial court erred in denying his request for probation or other form of alternative sentencing. In essence, however, Defendant received a sentence of split confinement which is a form of alternative sentencing. *See* Tenn. Code Ann. § 40-35-306(a). Defendant was convicted of a Class A misdemeanor which carries a sentence not greater than eleven months, twenty-nine days, a Class B misdemeanor which carries a sentence not greater than six months, and a Class C misdemeanor which carries a sentence not greater than thirty days. Tenn. Code Ann. § 40-35-111(e). The trial court sentenced Defendant to thirty days for his failure to display a driver's license conviction, six months for his resisting arrest conviction, and eleven months, twenty-nine days for his simple possession conviction, for an effective sentence of eleven months and twenty-nine days. The trial court ordered Defendant to serve his sentences concurrently, with all but 120 days suspended. The trial court suspended all but 120 days of the effective sentence, and placed Defendant on probation.

Although Defendant phrases his argument in terms of the trial court's failure to grant alternative sentencing, Defendant apparently argues that the trial court erred in determining the percentage of the effective sentence which he must serve in confinement, or in not granting him full probation. Without being more specific, Defendant contends that the evidence showed he was amenable to probation and that he was the type of person for whom probation was designed.

When a defendant challenges the length, range, or manner of service of a sentence, this Court conducts a *de novo* review with a presumption that the determinations made by the trial court are correct. *Id.* § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a *de novo* review of a sentence, this Court must consider (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by

the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; *State v. Smith*, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; *Ashby*, 823 S.W.2d at 169.

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides, in part, that the trial court shall impose a specific sentence that is consistent with the purposes and principles of the 1989 Sentencing Reform Act. *See* Tenn. Code Ann. § 40-35-302(b). Although the Sentencing Reform Act typically treats misdemeanants and felons the same, misdemeanants are not given the presumption of a minimum sentence. *See State v. Seaton*, 914 S.W.2d 129, 133 (Tenn. Crim. App. 1995). A separate sentencing hearing is not required in misdemeanor sentencing, but the trial court must "allow the parties a reasonable opportunity to be heard on the question of the length of any sentence and the manner in which the sentence is to be served." Tenn. Code Ann. § 40-35-302(a). A misdemeanor sentence, unlike a felony sentence, has no sentence range. *State v. Baker*, 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997).

The trial court is allowed greater flexibility in setting misdemeanor sentences than felony sentences. *State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999). The trial court, however, must impose a specific sentence for a misdemeanor conviction consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. Tenn. Code Ann. § 40-35-302 (d); *State v. Palmer*, 902 S.W.2d 391, 394 (Tenn. 1995). The trial court should consider enhancement and mitigating factors in making its sentencing determinations; however, unlike the felony sentencing statute, which requires the trial court to place its findings on the record, the misdemeanor sentencing statute "merely requires the trial judge to consider enhancement and mitigating factors when calculating the percentage of a misdemeanor sentence to be served in confinement." *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998). The misdemeanor offender must be sentenced to an authorized determinate sentence with a percentage of not greater than seventy-five percent to be served by the defendant before he or she is eligible for rehabilitative programs. Tenn. Code Ann. §§ 40-35-302(b) and (d). When a defendant challenges a misdemeanor sentence, this Court conducts a *de novo* review with a presumption that the trial court's determinations are correct. *Id*. § 40-35-401(d).

At the sentencing hearing, Jennifer Craighead testified that she prepared Defendant's pre-sentencing report and reviewed Defendant's prior convictions. According to the report, Defendant has prior convictions for DUI, driving without a license, attempt to commit aggravated assault, public drunkenness, and driving on a revoked license. Defendant was found in violation of his probation for his attempted aggravated assault conviction. After serving twenty-nine days of his attempted aggravated assault sentence, Defendant's probation was reinstated.

During cross-examination, Ms. Craighead said that she did not verify Defendant's public drunkenness conviction on November 15, 1986 by birth date or social security number. Defendant did not offer any proof at the sentencing hearing.

The trial court considered the nature and circumstances surrounding the offenses, Defendant's prior criminal history, and the fact that the court had "not heard anything from the defendant regarding his actions" in making its sentencing determinations. Defendant urged the trial court to consider full probation because of his age and his back problems. The trial court responded, "I overrule your motion, sir. He can take care of that at the jail. I thought his display towards the officers at the scene was atrocious, and he is lucky that somebody didn't get hurt."

Other than a cursory reference to the sentencing considerations reflected in Tennessee Code Annotated section 40-35-103, Defendant does not provide any argument or references to the record to support his contention that the trial court erred in not granting him either full probation or ordering him to spend less time in confinement. Under Rule 10(b) of the Rules of the Court of Criminal Appeals, "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record and will be treated as waived in this Court."

Waiver notwithstanding, however, we find that the trial court acted within its discretionary authority in requiring Defendant to serve 120 days of his effective sentence in confinement. The trial court placed great weight on Defendant's prior criminal history and his conduct during the incident. Both factors are appropriate considerations during a trial court's sentencing determinations. *See Troutman*, 979 S.W.2d at 274-75; *State v. Ring*, 56 S.W.3d 577, 586 (Tenn. Crim. App. 2001). Based on our review of the record, we find that Defendant is not entitled to relief on this issue.

## CONCLUSION

Based on the foregoing, the judgments of the trial court are affirmed.

_____
THOMAS T. WOODALL, JUDGE