## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

THE REALTY SHOP, INC.,  )

Plaintiff/Appellee,  )

VS.  )

RR WESTMINSTER HOLDING, INC.,  )

Defendant/Appellant,  )

and  )

JOHN S. CLARK CO., INC.;  )
SENASH, INC.; and  )
CLARENDON NATIONAL INS. CO.,  )

Defendants.  )

**FILED**

**June 4, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

Davidson Chancery
No. 94-293-I

Appeal No.
01A01-9609-CH-00418

## OPINION DENYING PETITION FOR REHEARING

The Realty Shop, Inc. has filed a Tenn. R. App. P. 39 petition requesting this court to reconsider its May 11, 1999 opinion. We requested RR Westminster Holding, Inc. to respond to the petition and have now received its response. Based on our consideration of the petition, the response, and the record filed in this court, we find that the petition is without merit and should be denied.

### I.

We turn first to The Realty Shop's assertion that we invaded the province of the trier-of-fact by addressing and deciding the damage question. The Realty Shop insists that we should not have undertaken to calculate the damages in light of the ten change orders because the trial court did not address this question and because the parties elected not to include in the appellate record many of the exhibits filed in the trial court.

### A.

The Tennessee Rules of Appellate Procedure require the parties, not the appellate court, to assure that the record on appeal contains a "fair, accurate, and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(a) places the responsibility for the contents of the record, as an initial matter, with the appellant. However, the appellee must also designate additional parts of the trial court record to be included in the record on appeal if it determines that other parts of the record are necessary. In light of the plain requirements of Tenn. R. App. P. 24(a), appellate courts presume that the parties have provided them with an appellate record that enables them to address and decide the issues being raised on appeal.

The parties' decisions concerning the completeness of the record are, of course, driven by the issues to be raised on appeal. RR Westminster's May 20, 1996 statement of issues on appeal did not indicate that it intended to take issue with the trial court's calculation of damages. However, in its brief filed in this court on November 19, 1996, RR Westminister's third issue was "Whether the Trial Court Erred in its Calculation of Damages." In the portion of its brief relating to this issue, RR Westminister asserted that the maximum amount of damages that The Realty Shop could recover was $70,693 – SENASH's net profit on the sale of the Thompson Station project to Tennessee Equity Fund. This argument necessarily rested on RR Westminster's assertion that all ten of the SENASH-Clark change orders were proper.

On December 31, 1996, The Realty Shop moved to supplement the appellate record with twenty items because RR Westminister had "advanced arguments on appeal which were not referred to in their statement of issues . . .." Specifically, The Realty Shop pointed out that RR Westminister had argued in its brief that "the trial court erred in its computation of damages because had their [sic] been specific performance of the Option Agreement The Realty Shop's damages would have been substantially reduced." The trial court authorized the filing of the supplemental record, and this court considered the contents of not only the original record on appeal but also the contents of the supplemental record in preparing its May 11, 1999 opinion.

We have concluded that The Realty Shop was fully apprised that RR Westminister was asserting on appeal not only that the theoretical and factual basis

for the trial court's damage award was erroneous but also that the ten SENASH-Clark change orders were valid and that The Realty Shop's maximum recovery should be $70,693. In light of the lengthy portions of RR Westminster's brief devoted to the ten change orders and the trial court's calculation of the damages, we find that The Realty Shop was not unfairly prevented from briefing or arguing the factual and legal significance of the ten change orders on appeal.

**B.**

The Realty Shop also asserts that this Court should have remanded the case to the trial court after we determined that the trial court had erred by concluding that The Realty Shop was estopped to rely on the written change order requirement in the option agreement. It insists that the trial court, rather than this court, should have determined the "accuracy and validity of the change orders and the applicability of those change orders to the Option Agreement" because the trial court "never considered or decided the issue of the accuracy and validity of the change orders pursuant to the Option Agreement . . .."

Tenn. R. App. P. 13 and 36 control the proper scope of appellate review. While Tenn. R. App. P. 13(b) ordinarily limits the scope of review to the issues raised by the parties themselves, it also permits appellate courts to consider issues not raised by the parties to prevent needless litigation, to prevent injury to the interests of the public, or to prevent prejudice to the judicial process. In addition, Tenn. R. App. P. 36(a) empowers appellate courts to "grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires . . .." Taken together, these rules permit the appellate courts to grant complete relief to the parties as long as they have been given fair notice and an opportunity to be heard on the dispositive issues.

Tennessee's appellate courts have long had the responsibility to render the judgment that the trial court, sitting as the trier-of-fact, should have rendered. *See Perry v. Carter*, 188 Tenn. 409, 411-12, 219 S.W.2d 905, 906 (1949); *Toomey v. Atyoe*, 95 Tenn. 373, 381-82, 32 S.W. 254, 256 (1895). This responsibility includes entering judgments based on the preponderance of the evidence and the applicable law. *See Roberts v. Robertson County Bd. of Educ.*, 692 S.W.2d 863, 874 (Tenn. Ct. App. 1985). Thus, as Judge Tomlin has noted, we may elect to wrestle with the

octopus rather than remand the case for further time-consuming and costly wrestling in the trial court. *See American Bldgs. Co. v. DBH Attachments, Inc.*, 676 S.W.2d 558, 562 (Tenn. Ct. App. 1984). We should, however, stay our hand when rendering a judgment pursuant to Tenn. App. P. 36(a) would be unfair to the parties. *See Cooper v. Polos*, 898 S.W.2d 237, 242 (Tenn. Ct. App. 1995) (declining to grant final relief based on evidence that the trial court had excluded).

We find no basis for declining to render a final judgment between the parties based on the facts in this record. The damage question was raised on appeal, and this is not a case in which the parties were prevented from a full and fair development of the facts. The propriety and effect of the ten SENASH-Clark change orders had been a disputed issue between the parties from the earliest stages of the litigation, and both parties were given essentially free reign to present evidence concerning all matters pertinent to the change orders during the trial. The Realty Shop contested the validity and efficacy of the change orders at trial, and RR Westminster's appellate brief put The Realty Shop on notice that the change orders were an essential part of its challenge to the trial court's damage award. Accordingly, we perceive no prejudice to The Realty Shop resulting from our decision to grant the parties the relief to which they are entitled under the law and the facts of this case in accordance with Tenn. R. App. P. 36(a).

The fact that our May 11, 1999 decision is made on a partial record stems directly from the tactical decisions of both The Realty Shop and RR Westminster to pursue this appeal with less than a complete record. The parties cannot wait to reverse their field on the question of the adequacy of the record until after they receive an opinion that is not to their liking. Accordingly, we decline to find that the incompleteness of the record requires us to remand the case to the trial court for further proceedings. Granting that sort of relief would enable The Realty Shop to profit from its own strategic decision in contravention of Tenn. R. App. P. 36(a).

## II.

The Realty Shop also asserts that we have overlooked or misconstrued material facts and that we have mistakenly applied the relevant legal principles. We have carefully reviewed our May 11, 1999 opinion as well as the record on appeal. This record consists of the complete transcript of the trial and 168 of the 330 exhibits filed during the proceeding.[1] We have concluded that we have neither overlooked nor misconstrued the facts in the record on appeal. We have also concluded that we would not have altered any of the factual findings and legal conclusions in our May 11, 1999 opinion had the parties included the remaining 162 exhibits in the record on appeal. We adhere to our original decision that the evidence preponderates in favor of the conclusion that the work covered by the ten change orders was necessary, that the work was actually performed, that the work benefitted the project, and that Clark actually paid its subcontractors and suppliers for the work.

Accordingly, we respectfully deny the petition for rehearing. We also tax the costs incident to this rehearing to The Realty Shop, Inc. for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
BEN H. CANTRELL, JUDGE

_____

[1]The Realty Shop points out in its petition for rehearing that 93 of the 162 exhibits not submitted to this court dealt with matters pertaining to the change orders. We have no doubt that The Realty Shop is correct because we have read the transcript which sheds light on the substance of the omitted exhibits.